# NO. 12-09-00192-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *TINA RODRIGUEZ,*<br>*APPELLANT* | § | *APPEAL FROM THE 159TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

---

## *MEMORANDUM OPINION*

Tina Rodriguez appeals her conviction for compelling prostitution, for which she was sentenced to imprisonment for eleven years. In three issues, Appellant contends that she received ineffective assistance of counsel during her trial on punishment and that she is entitled to a new trial because the presentence investigation report is missing from the record. We affirm.

## BACKGROUND

Appellant pleaded guilty to the offense of compelling prostitution. Appellant convinced a fifteen year old girl to engage in prostitution and then share the proceeds with Appellant. The trial court held a hearing to determine Appellant's punishment. At the hearing, the trial court was presented with the presentence investigation report, and Appellant briefly testified. The trial court then sentenced Appellant to eleven years of imprisonment. This appeal followed.

## INEFFECTIVE ASSISTANCE OF COUNSEL

In her first and second issues, Appellant contends that she received ineffective assistance of counsel at her trial on punishment. Specifically, Appellant argues that her trial counsel was ineffective because he presented only limited evidence during the hearing on punishment and

failed to object to the trial court's sentence.

**Standard of Review and Applicable Law**

Claims of ineffective assistance of counsel are evaluated under the two step analysis articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The first step requires the appellant to demonstrate that trial counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. *See Strickland*, 466 U.S. at 688, 104 S. Ct. at 2065. To satisfy this step, the appellant must identify the acts or omissions of counsel alleged to be ineffective assistance and affirmatively prove that they fell below the professional norm of reasonableness. *See McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996). The reviewing court will not find ineffectiveness by isolating any portion of trial counsel's representation, but will judge the claim based on the totality of the representation. *See Strickland*, 466 U.S. at 695, 104 S. Ct. at 2069.

To satisfy the *Strickland* standard, the appellant is also required to show prejudice from the deficient performance of his attorney. *See Hernandez v. State*, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999). To establish prejudice, the appellant must prove that but for counsel's deficient performance, the result of the proceeding would have been different. *See Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.

In any case considering the issue of ineffective assistance of counsel, we begin with the strong presumption that counsel was effective. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). We must presume counsel's actions and decisions were reasonably professional and were motivated by sound trial strategy. *See id*. The appellant has the burden of rebutting this presumption by presenting evidence illustrating why his trial counsel did what he did. *See id*. The appellant cannot meet this burden if the record does not affirmatively support the claim. *See Jackson v. State*, 973 S.W.2d 954, 955 (Tex. Crim. App. 1998) (inadequate record on direct appeal to evaluate whether trial counsel provided ineffective assistance). A record that specifically focuses on the conduct of trial counsel is necessary for a proper evaluation of an ineffectiveness claim. *See Kemp v. State*, 892 S.W.2d 112, 115 (Tex. App.–Houston [1st Dist.] 1994, pet. ref'd).

**Failure to Present Adequate Evidence on Punishment**

Appellant was the sole witness during the trial on punishment. She testified that she had previously been in jail for two and one-half months for not paying her child support. She stated

2

further that during the time "when all this was going on," she had "hung out" with the wrong crowd and got into "testing that drug." She also testified that she had changed her life and was not doing that any more. Appellant admitted that she could have controlled her life better, but did not, and expressed her remorse for committing the charged offense. She stated that she could be a productive member of society if the trial court sentenced her to probation because she was "a totally different person."

On appeal, Appellant asserts that her trial counsel chose not to present detailed evidence on these matters, and therefore did not fully present her history and qualification for probation to the trial court. She also complains that counsel did not argue for probation, did not call the probation officer preparing the presentence investigation report (PSI) as a witness, and did not offer any testimony concerning available programs or resources to assist her. The record shows that the trial court did not ask for argument on punishment. Moreover, Appellant does not identify the additional witnesses that should have testified, or describe the substance of any potential witness's testimony. *See Ex parte White*, 160 S.W.3d 46, 52 (Tex. Crim. App. 2004) (holding that to obtain relief on ineffective assistance of counsel claim based on uncalled witness, accused must show witness had been available to testify and testimony would have been of some benefit to defense). Nor does she state with any specificity what, if any, additional information trial counsel should have elicited from her during her testimony.

Appellant also failed to file a motion for new trial. Thus, trial counsel has not had an opportunity to explain the reasons for his decisions at the punishment hearing. *See Bone v. State*, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002) (stating that defense counsel should be given opportunity to explain actions before being condemned as unprofessional and incompetent); *see also Anderson v. State*, 193 S.W.3d 34, 39 (Tex. App.–Houston [1st Dist.] 2006, pet. ref'd) (holding that because appellant did not call his trial counsel during motion for new trial hearing to give reasons for failure to investigate or present mitigating evidence, record does not support ineffective assistance claim). When the record fails to show why counsel did not present certain evidence at the trial on punishment, we cannot conclude that counsel's performance was deficient. *See Jackson*, 877 S.W.2d at 771-72.

**Failure to Object to Punishment**

Appellant also argues that Appellant's trial counsel should have objected to the punishment that she received.

3

Appellant was convicted of compelling prostitution, a second degree felony.  *See* TEX. PENAL CODE ANN**.** § 43.05 (Vernon Supp. 2009).   The punishment for such an offense is a term of imprisonment between two and twenty years. *Id***.** § 12.33 (Vernon Supp. 2009).   The trial court assessed punishment at eleven years, which falls within the range set forth by the Texas Legislature.   Therefore, the punishment is not prohibited as cruel, unusual, or excessive per se. *See Harris v. State*, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); *Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973).

Appellant contends that her sentence is grossly disproportionate to the facts of this case in violation of the Eighth Amendment.   *See* U.S. CONST**.** amend. VIII; *Solem v. Helm*, 463 U.S. 277, 290, 103 S. Ct. 3001, 3009, 77 L. Ed. 2d 637 (1983).   The proportionality of a sentence is evaluated by considering 1) the gravity of the offense and the harshness of the penalty, 2) the sentences imposed on other criminals in the same jurisdiction, and 3) the sentences imposed for commission of the same crime in other jurisdictions.   *Solem*, 463 U.S. at 292, 103 S. Ct. at 3011. Unless Appellant establishes that her sentence is grossly disproportionate to her crime, we need not address the second and third criteria set out in *Solem*.   *See McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir.1992); *see also Robertson v. State*, 245 S.W.3d 545, 549 (Tex. App.–Tyler 2007, pet. ref'd).

In determining whether Appellant's sentence is grossly disproportionate, we are guided by the holding in *Rummel v. Estelle*, 445 U.S. 263, 100 S. Ct. 1133, 63 L.Ed.2d 382 (1980).   After considering the facts of the instant case in light of *Rummel*, we conclude that Appellant's sentence was not unconstitutionally disproportionate. *See id.*, 445 U.S. at 266, 100 S. Ct. at 1134-35 (holding that life sentence is not cruel and unusual punishment for obtaining $120.75 by false pretenses where appellant had a prior felony conviction for fraudulent use of credit card to obtain $80.00 worth of goods or services and another for passing a forged check in amount of $28.36). Absent a threshold showing of disproportionality, we need not address the second and third *Solem* criteria. Therefore, we cannot conclude that Appellant's sentence constituted cruel and unusual punishment.   And because we cannot conclude that Appellant's sentence constituted cruel and unusual punishment, Appellant has not shown that counsel's performance was deficient for failing to object to the sentence.   *See Vaughn v. State*, 931 S.W.2d 564, 566 (Tex. Crim. App. 1996) (cannot successfully argue that counsel's failure to object amounted to ineffective assistance without showing that trial court would have committed error in overruling such an objection); *see*

4

*also* ***Payne v. State***, No. 14-07-00688-CR, 2008 Tex. App. LEXIS 2726, at *7 (Tex. App.–Houston [14th Dist.] Apr. 17, 2008, no pet.) (mem. op., not designated for publication) (same applied to claim of disproportionate sentence).

## Conclusion

Based upon our review of the record, we hold that Appellant has not shown that her trial counsel's performance was deficient. Therefore, she has not met the burden imposed by ***Strickland***. *See **Strickland***, 466 U.S. at 689-90, 104 S. Ct. at 2065. Accordingly, we overrule Appellant's first and second issues.

## MISSING PRESENTENCE INVESTIGATION REPORT

In her third issue, Appellant argues that she is entitled to a new trial because the presentence investigation report is missing from the record. *See* TEX. R. APP. P. 34.6(f). The clerk's record has now been supplemented to include the presentence investigation report. Accordingly, we overrule Appellant's third issue as moot.

## DISPOSITION

Having overruled Appellant's first, second, and third issues, we ***affirm*** the judgment of the trial court.

**BRIAN HOYLE**
Justice

Opinion delivered February 26, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

5