NO.
12-09-00192-CR

 

                         IN THE COURT OF
APPEALS         

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

TINA
RODRIGUEZ,                                         '                 APPEAL FROM THE 159TH

APPELLANT

 

V.                                                                         '                 JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE                                                        '                 ANGELINA COUNTY,
TEXAS

                                                        
                                         

                                                      MEMORANDUM
OPINION

Tina
Rodriguez appeals her conviction for compelling prostitution, for which she was
sentenced to imprisonment for eleven years.  In three issues, Appellant
contends that she received ineffective assistance of counsel during her trial
on punishment and that she is entitled to a new trial because the presentence
investigation report is missing from the record.  We affirm.

 

Background

Appellant
pleaded guilty to the offense of compelling prostitution.  Appellant convinced
a fifteen year old girl to engage in prostitution and then share the proceeds
with Appellant.  The trial court held a hearing to determine Appellant’s
punishment.  At the hearing, the trial court was presented with the presentence
investigation report, and Appellant briefly testified.  The trial court then
sentenced Appellant to eleven years of imprisonment.  This appeal followed.

 

Ineffective
Assistance of Counsel

In
her first and second issues, Appellant contends that she received ineffective
assistance of counsel at her trial on punishment.  Specifically, Appellant
argues that her trial counsel was ineffective because he presented only limited
evidence during the hearing on punishment and failed to object to the trial
court’s sentence.

Standard
of Review and Applicable Law

Claims
of ineffective assistance of counsel are evaluated under the two step analysis
articulated in Strickland v. Washington, 466 U.S. 668, 104 S. Ct.
2052, 80 L. Ed. 2d 674 (1984).  The first step requires the appellant to
demonstrate that trial counsel’s representation fell below an objective
standard of reasonableness under prevailing professional norms.  See Strickland,
466 U.S. at 688, 104 S. Ct. at 2065.  To satisfy this step, the appellant must
identify the acts or omissions of counsel alleged to be ineffective assistance
and affirmatively prove that they fell below the professional norm of
reasonableness.  See McFarland v. State, 928 S.W.2d 482, 500
(Tex. Crim. App. 1996).  The reviewing court will not find ineffectiveness by
isolating any portion of trial counsel's representation, but will judge the
claim based on the totality of the representation.  See Strickland,
466 U.S. at 695, 104 S. Ct. at 2069.

To
satisfy the Strickland standard, the appellant is also required
to show prejudice from the deficient performance of his attorney.  See Hernandez
v. State, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999).  To establish
prejudice, the appellant must prove that but for counsel’s deficient
performance, the result of the proceeding would have been different.  See Strickland,
466 U.S. at 694, 104 S. Ct. at 2068.

In
any case considering the issue of ineffective assistance of counsel, we begin
with the strong presumption that counsel was effective.  See Jackson v.
State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).  We must presume
counsel’s actions and decisions were reasonably professional and were motivated
by sound trial strategy.  See id.  The appellant has the burden
of rebutting this presumption by presenting evidence illustrating why his trial
counsel did what he did.  See id.  The appellant cannot meet this
burden if the record does not affirmatively support the claim.  See Jackson
v. State, 973 S.W.2d 954, 955 (Tex. Crim. App. 1998) (inadequate record
on direct appeal to evaluate whether trial counsel provided ineffective
assistance).  A record that specifically focuses on the conduct of trial
counsel is necessary for a proper evaluation of an ineffectiveness claim.  See
Kemp v. State, 892 S.W.2d 112, 115 (Tex. App.–Houston [1st Dist.]
1994, pet. ref'd).

Failure
to Present Adequate Evidence on Punishment

Appellant
was the sole witness during the trial on punishment.  She testified that she
had previously been in jail for two and one-half months for not paying her
child support.  She stated further that during the time “when all this was
going on,” she had “hung out” with the wrong crowd and got into “testing that
drug.”  She also testified that she had changed her life and was not doing that
any more.  Appellant admitted that she could have controlled her life better,
but did not, and expressed her remorse for committing the charged offense.  She
stated that she could be a productive member of society if the trial court
sentenced her to probation because she was “a totally different person.”  

On
appeal, Appellant asserts that her trial counsel chose not to present detailed
evidence on these matters, and therefore did not fully present her history and
qualification for probation to the trial court.  She also complains that counsel
did not argue for probation, did not call the probation officer preparing the presentence
investigation report (PSI) as a witness, and did not offer any testimony
concerning available programs or resources to assist her.  The record shows
that the trial court did not ask for argument on punishment.  Moreover,
Appellant does not identify the additional witnesses that should have
testified, or describe the substance of any potential witness’s testimony.  See
Ex parte White, 160 S.W.3d 46, 52 (Tex. Crim. App. 2004) (holding
that to obtain relief on ineffective assistance of counsel claim based on
uncalled witness, accused must show witness had been available to testify and testimony
would have been of some benefit to defense).   Nor does she state with any
specificity what, if any, additional information trial counsel should have
elicited from her during her testimony.  

Appellant
also failed to file a motion for new trial.  Thus, trial counsel has not had an
opportunity to explain the reasons for his decisions at the punishment hearing. 
See Bone v. State, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002)
(stating that defense counsel should be given opportunity to explain actions before
being condemned as unprofessional and incompetent); see also Anderson v.
State, 193 S.W.3d 34, 39 (Tex. App.–Houston [1st Dist.] 2006, pet.
ref’d) (holding that because appellant did not call his trial counsel during motion
for new trial hearing to give reasons for failure to investigate or present
mitigating evidence, record does not support ineffective assistance claim).  When
the record fails to show why counsel did not present certain evidence at the
trial on punishment, we cannot conclude that counsel’s performance was
deficient.  See Jackson, 877 S.W.2d at 771-72.

Failure
to Object to Punishment

            Appellant
also argues that Appellant’s trial counsel should have objected to the
punishment that she received.

Appellant
was convicted of compelling prostitution, a second degree felony.  See Tex. Penal Code Ann. § 43.05
(Vernon Supp. 2009).  The punishment for such an offense is a term of
imprisonment between two and twenty years. Id. § 12.33 (Vernon
Supp. 2009).  The trial court assessed punishment at eleven years, which falls
within the range set forth by the Texas Legislature.  Therefore, the punishment
is not prohibited as cruel, unusual, or excessive per se.  See Harris v.
State, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); Jordan v.
State, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973).

Appellant
contends that her sentence is grossly disproportionate to the facts of this
case in violation of the Eighth Amendment.  See U.S. Const. amend. VIII; Solem
v. Helm, 463 U.S. 277, 290, 103 S. Ct. 3001, 3009, 77 L. Ed. 2d 637
(1983).  The proportionality of a sentence is evaluated by considering 1) the
gravity of the offense and the harshness of the penalty, 2) the sentences imposed
on other criminals in the same jurisdiction, and 3) the sentences imposed for
commission of the same crime in other jurisdictions.  Solem, 463
U.S. at 292, 103 S. Ct. at 3011.  Unless Appellant establishes that her
sentence is grossly disproportionate to her crime, we need not address the
second and third criteria set out in Solem.  See McGruder
v. Puckett, 954 F.2d 313, 316 (5th Cir.1992); see also Robertson
v. State, 245 S.W.3d 545, 549 (Tex. App.–Tyler 2007, pet. ref'd).

In
determining whether Appellant's sentence is grossly disproportionate, we are
guided by the holding in Rummel v. Estelle, 445 U.S. 263, 100 S.
Ct. 1133, 63 L.Ed.2d 382 (1980).  After considering the facts of the instant
case in light of Rummel, we conclude that Appellant's sentence
was not unconstitutionally disproportionate. See id., 445 U.S. at
266, 100 S. Ct. at 1134-35 (holding that life sentence is not cruel and unusual
punishment for obtaining $120.75 by false pretenses where appellant had a prior
felony conviction for fraudulent use of credit card to obtain $80.00 worth of
goods or services and another for passing a forged check in amount of $28.36).
Absent a threshold showing of disproportionality, we need not address the
second and third Solem criteria. Therefore, we cannot conclude
that Appellant's sentence constituted cruel and unusual punishment.  And
because we cannot conclude that Appellant’s sentence constituted cruel and
unusual punishment, Appellant has not shown that counsel’s performance was
deficient for failing to object to the sentence.  See Vaughn v. State,
931 S.W.2d 564, 566 (Tex. Crim. App. 1996) (cannot successfully argue that
counsel’s failure to object amounted to ineffective assistance without showing that
trial court would have committed error in overruling such an objection); see
also Payne v. State, No. 14-07-00688-CR, 2008 Tex. App. LEXIS 2726,
at *7 (Tex. App.–Houston [14th Dist.] Apr. 17, 2008, no pet.) (mem. op., not
designated for publication) (same applied to claim of disproportionate
sentence).

Conclusion

Based
upon our review of the record, we hold that Appellant has not shown that her
trial counsel’s performance was deficient.  Therefore, she has not met the
burden imposed by Strickland.  See Strickland, 466
U.S. at 689-90, 104 S. Ct. at 2065.  Accordingly, we overrule Appellant’s first
and second issues.

 

Missing Presentence
Investigation Report

     In her
third issue, Appellant argues that she is entitled to a new trial because the
presentence investigation report is missing from the record.  See Tex. R. App. P. 34.6(f).  The clerk’s
record has now been supplemented to include the presentence investigation report. 
Accordingly, we overrule Appellant’s third issue as moot.

 

Disposition

            Having
overruled Appellant’s first, second, and third issues, we affirm
the judgment of the trial court. 

                                                                                                Brian Hoyle

                                                                      
        Justice

 

 

Opinion delivered February 26,
2010.

Panel consisted
of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

(DO NOT PUBLISH)