Jeff Doyal ROBERTSON, Appellant

v.

The STATE of Texas, Appellee.

No. 12–06–00175–CR.

Court of Appeals of Texas,
Tyler.

Aug. 30, 2007.

Discretionary Review Refused
Jan. 16, 2008.

Stephen Evans, Tonda L. Curry, Tyler, for Appellant.

Amber Paige Dusenberry, Leslie P. Dixon, Canton, for the State of Texas.

Panel consisted of WORTHEN, C.J., GRIFFITH, J., and HOYLE, J.

## *OPINION*

BRIAN HOYLE, Justice.

Jeff Doyal Robertson appeals his conviction for assault with a deadly weapon, for which he was sentenced to imprisonment for twenty years. In four issues, Appellant argues that 1) the trial court erred in permitting the State to argue the direct application of parole to Appellant, 2) the trial court erred in submitting a special issue during the punishment phase of trial on whether Appellant used a deadly weapon, 3) the evidence was factually insufficient to support his sentence, and 4) the sentence imposed against him constitutes cruel and unusual punishment in violation of the United States and Texas constitutions. We affirm.

### BACKGROUND

Appellant was charged with aggravated assault of a public servant with a deadly weapon and pleaded "not guilty." At trial, Appellant argued that the victim of the assault, Canton ISD's athletic director and head football coach Gary Joe Kinne, was not a public servant. The jury did not find Appellant guilty of the charged offense, but instead found Appellant guilty of the lesser included offense of aggravated assault. The case then proceeded to the punishment phase of the trial.

During closing argument in the punishment phase, the State attempted to explain the difference between community supervision and parole. During that discussion, the State argued, "Let's say they get sentenced to prison for five years. Well, as I said, we don't have truth in sentencing in Texas, so he gets sentenced to five years, parole is a process whereby they probably don't actually do five years. If they behave themselves in prison—." At this point, Appellant objected that the State's argument asked the jury to consider how parole affects Appellant's sentence. The trial court sustained the objection, and the Appellant asked for a limiting instruction, which was given by the trial court. Appellant did not seek a mistrial based on the State's argument regarding parole.

The trial court then charged the jury. The punishment phase charge contained a special issue as to whether Appellant used a deadly weapon in committing the aggravated assault. Appellant had objected to this portion of the charge claiming that the deadly weapon issue "should have been submitted and w[as] not properly submitted at guilt/innocence and absent a finding of true on those special issues at the appropriate time, the only finding would be one of implied not true. We object to the submission to the jury at this stage of trial." The trial court overruled Appellant's objection.

The jury returned a verdict of a twenty year prison sentence for Appellant. The trial court sentenced Appellant accordingly. This appeal followed.

### PAROLE ARGUMENT

■ In his third issue, Appellant contends that he is entitled to a new trial because the trial court permitted the State to argue the effects of parole on his sentence.

■ "To preserve error in prosecutorial argument, a defendant must pursue to an adverse ruling his objections to jury argument." *Archie v. State*, 221 S.W.3d 695, 699 (Tex.Crim.App.2007). "The essential requirement is a timely, specific request that the trial court refuses." *Young v. State*, 137 S.W.3d 65, 69 (Tex. Crim.App.2004). When a defendant receives the relief requested but has not requested a mistrial, the error, if any, is waived. *Gleffe v. State*, 509 S.W.2d 323, 325 (Tex.Crim.App.1974). Even if the error was such that it could not be cured by an instruction, the defendant must object and request a mistrial to preserve the error. *Mathis v. State*, 67 S.W.3d 918, 927 (Tex.Crim.App.2002).

Here, the record shows that the trial court sustained Appellant's objection to the State's argument concerning parole. The trial court then granted Appellant's request for a limiting instruction and instructed the jury to disregard the State's argument concerning parole. But Appellant did not seek a mistrial based on the State's argument concerning parole, and thus did not obtain an adverse ruling from the trial court on this issue. Because Appellant did not obtain an adverse ruling from the trial court, he has failed to preserve error, if any, on this issue. Appellant's third issue is overruled.

### JURY CHARGE DURING PUNISHMENT PHASE

■ In his second issue, Appellant contends that the trial court erred during the punishment phase by submitting a special issue on the use of a deadly weapon.

■ In criminal jury trials, the trial court must deliver "a written charge distinctly setting forth the law applicable to the case." TEX.CODE CRIM. PROC. ANN. art. 36.14 (Vernon 2006). Because the charge instructs the jury on the law applicable to the case, it must contain an accurate state-

ment of the law and set out all essential elements of the offense. *Dinkins v. State,* 894 S.W.2d 330, 339 (Tex.Crim.App.1995). A defendant must be given an opportunity to examine the charge and object to any errors of commission or omission. *See* Tex.Code Crim. Proc. Ann. art. 36.14. Generally, a defendant must object to the trial court's charge or submit special requested instructions in order to preserve error on appeal. *See id.;* Tex.Code Crim. Proc. Ann. art. 36.15 (Vernon 2006). Objections must distinctly specify each ground upon which they are predicated. *Id.* art. 36.14. Objections and special requested instructions must be in writing or dictated to the court reporter. *Id.;* Tex.Code Crim. Proc. Ann. art. 36.15.

Where an appellant has properly preserved an issue for review, we must ascertain if error actually occurred. *See Posey v. State,* 966 S.W.2d 57, 60 (Tex. Crim.App.1998). If error occurred and was properly preserved, reversal is required if the error was calculated to injure the rights of the defendant. *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App. 1985). In other words, an error that has been properly preserved will require reversal only if the error is not harmless. *Id.* We evaluate the issue of harm "in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole." *Id.*

Here, Appellant complains that the special issue on use of a deadly weapon should not have been submitted in the punishment phase. Appellant made this objection at trial. However, Appellant has not

presented us with, and we have not found, any cases where submission of the deadly weapon special issue during the punishment phase of the trial has been deemed error. The Texas Court of Criminal Appeals has said that "the *better* practice is to submit the deadly weapons special issue charge at the guilt/innocence phase of the trial." *Hill v. State,* 913 S.W.2d 581, 586 (Tex.Crim.App.1996) (emphasis in original). But not following better practice is not the same as committing error, and a deadly weapon special issue during the punishment phase has been deemed proper. *Flenteroy v. State,* 187 S.W.3d 406, 411–12 (Tex.Crim.App.2005). Consequently, Appellant has failed to show error in the trial court's charge. Appellant's second issue is overruled.

### The Sentence

In his first issue, Appellant contends that the evidence was not factually sufficient to support the sentence imposed on him. In his fourth issue, Appellant contends that the sentence imposed upon him violates the Texas and United States constitutions.[1]

Initially, we address Appellant's factual sufficiency argument. The court of criminal appeals has extended factual sufficiency review to include "the elements of the offense." *Clewis v. State,* 922 S.W.2d 126, 136 (Tex.Crim.App.1996). The determination of the elements of the offense, however, is quite different from the assessment of the amount of punishment. *Bradfield v. State,* 42 S.W.3d 350, 352 (Tex. App.-Eastland 2001, pet. ref'd). When assessing punishment, guilt has been decided and the focus of the factfinder is determining the appropriate consequences for that

---

1. Although Appellant's brief does not specifically set out a fourth issue, Appellant argues that the sentence imposed upon him is cruel and unusual punishment in violation of the

Texas and United States constitutions. We treat Appellant's constitutional arguments as his fourth issue and consider it together with his factual sufficiency argument.

guilt. *Id.* To conduct a factual sufficiency review of the determination of punishment, we must extend the standard announced in *Clewis,* and this is something we decline to do. We agree with the Beaumont and Eastland courts that a review of the evidence for factual sufficiency is inappropriate with respect to the assessment of punishment. *Bradfield v. State,* 42 S.W.3d 350, 351–52 (Tex.App.-Eastland 2001, pet. ref'd); *Kanouse v. State,* 958 S.W.2d 509, 510 (Tex.App.-Beaumont 1998, no pet.).

 As to Appellant's constitutional arguments, we note that Appellant made no objection to the trial court raising the issue of cruel and unusual punishment and has, therefore, waived such an issue on appeal. *See Rhoades v. State,* 934 S.W.2d 113, 120 (Tex.Crim.App.1996) (waiver with regard to rights under the Texas Constitution); *Curry v. State,* 910 S.W.2d 490, 497 (Tex.Crim.App.1995) (waiver with regard to rights under the United States Constitution); Tex.R.App. P. 33.1. However, even absent waiver, Appellant could not prevail on this issue.

 Appellant concedes that his punishment is within the statutory range, but contends it is grossly disproportionate to the facts in violation of the constitutional prohibition against cruel and unusual punishment. *See* U.S. Const. amend. VIII; *Solem v. Helm,* 463 U.S. 277, 103 S.Ct. 3001, 3006, 77 L.Ed.2d 637 (1983). The proportionality of a sentence is evaluated by considering (1) the gravity of the offense and the harshness of the penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences imposed for commission of the same crime in other jurisdictions. *Solem,* 463 U.S. at 292, 103 S.Ct. at 3011. Unless Appellant establishes the first element of the *Solem* test, that his sentence is grossly disproportionate to his crime, we need not address the second and third elements.

*See McGruder v. Puckett,* 954 F.2d 313, 316 (5th Cir.1992); *see also Jackson v. State,* 989 S.W.2d 842, 845–46 (Tex.App.-Texarkana 1999, no pet.).

In determining whether Appellant's sentence is grossly disproportionate, we are guided by the holding in *Rummel v. Estelle,* 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980). After considering the facts of the instant case in light of *Rummel,* we conclude that Appellant's sentence was not unconstitutionally disproportionate. *See id.,* 445 U.S. at 266, 100 S.Ct. at 1134–35 (holding that life sentence is not cruel and unusual punishment for obtaining $120.75 by false pretenses where appellant had a prior felony conviction for fraudulent use of credit card to obtain $80 worth of goods or services and another for passing a forged check in amount of $28.36). Absent a threshold showing of disproportionality, we need not address the second and third *Solem* elements. Therefore, we cannot conclude that Appellant's sentence constituted cruel and unusual punishment.

Appellant's first and fourth issues are overruled.

### DISPOSITION

Having overruled Appellant's four issues, we **affirm** the trial court's judgment.