Opinion issued September 24, 2009





             



 
 




In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-08-00822-CR
____________

JAMES FRANKLIN CURTIS, Appellant

v.

THE STATE OF TEXAS, Appellee




On Appeal from the 56th District Court
Galveston County, Texas
Trial Court Cause No. 05CR2613


 

MEMORANDUM OPINION
          Appellant, James Franklin Curtis, was charged by indictment with aggravated
assault with a deadly weapon. Pursuant to a plea agreement, the trial judge placed
appellant on community supervision and entered a deferred judgment community
supervision order. The State later sought to adjudicate appellant’s guilt and revoke
his community supervision. The trial court held a hearing, during which appellant
admitted failing to comply with all of the terms of his community supervision. The
trial court found appellant guilty of the original indicted felony, revoked appellant’s
probation and sentenced appellant to seven years’ confinement. 
          Appellant contends that the trial court erred by sentencing him to seven years’
confinement. Appellant argues that because he was allegedly originally offered two
years’ confinement in a plea deal by prosecutors, the trial court’s decision to sentence
him to seven years’ after the revocation of his community supervision is “grossly
disproportionate and, as such, cruel and unusual.” We affirm.
Background
          In 2005, appellant was indicted for the offense of assault with a deadly weapon. 
The indictment alleged that appellant “intentionally, knowingly or recklessly cause[d]
bodily injury to Cory Daugherty by cutting and stabbing the said Cory Daugherty
with a knife, and the defendant did then and there use or exhibit a deadly weapon, to-wit: a knife, during the commission of said assault.” In April 2006, appellant pled
guilty to the offense. The trial court then entered a deferred judgment community
supervision order, noting that appellant had pled guilty to a second degree felony for
which the applicable punishment range was two to twenty years’ incarceration. The
order also noted the affirmative finding of a deadly weapon. The order deferred and
probated appellant’s sentencing for a period of ten years, and set forth conditions of
supervision imposed by the court. Appellant acknowledged receipt of a copy of the
order and his understanding of the order by signing it.
          On May 30, 2007, the State filed the first of several motions to adjudicate
appellant’s guilt and to revoke his community supervision, alleging that appellant had
violated several of the conditions of his community supervision. On August 25,
2008, after an evidentiary hearing, the trial court adjudicated appellant guilty of the
offense of aggravated assault with a deadly weapon, a second degree felony, and
found “true” to several paragraphs in the motion to adjudicate. The trial court
sentenced appellant to seven years’ confinement in the Institutional Division of the
Texas Department of Criminal Justice. The trial court also certified that appellant had
the right to appeal. Appellant did not object to the sentence, nor did he file a motion
for new trial on any grounds.
Analysis
          The record from the hearing on the motion to revoke probation and the
sentencing hearing does not reflect that appellant objected to the sentence as violating
his constitutional rights when his sentence was pronounced, nor did he object in a
post-trial motion. Appellant did not raise with the trial court the contention he now
voices. Tex. R. App. P. 33.1. Constitutional rights, including the right to be free from
cruel and unusual punishment, may be waived. Rhoades v. State, 934 S.W.2d 113,
120 (Tex. Crim. App. 1996); Mercado v. State, 718 S .W.2d 291, 296 (Tex. Crim.
App. 1986) (en banc) (stating that appellant could not assert error regarding
sentencing on appeal without raising that error in the trial court); Wise v. State, 223
S.W.3d 548, 554 (Tex. App.—Amarillo 2007, pet. ref’d) (even constitutional rights
may be waived); Castaneda v. State, 135 S.W.3d 719, 723 (Tex. App.—Dallas 2003,
no pet.)(same); Nicholas v. State, 56 S.W.3d 760, 768 (Tex. App.—Houston [14th
Dist.] 2001, pet. ref’d) (holding that freedom from cruel and unusual punishment
under both the Texas and federal constitutions may be waived by failing to object in
the trial court). Accordingly, appellant has waived this issue by failing to preserve
error. 
          Even if appellant had preserved this complaint for review, however, he still
would not prevail. A sentence assessed by a trial judge is not cruel and unusual under
the Texas constitution when, as here, it is within the statutory range. Baldridge v.
State, 77 S.W.3d 890, 893–94 (Tex. App.—Houston [14th Dist.] 2002, pet. ref’d). 
Aggravated assault is a second-degree felony with a punishment range of two to
twenty years’ imprisonment. See Tex. Penal Code Ann. § 12.33 (Vernon 2003), §
22.02(b) (Vernon Supp. 2007). 
          Appellant concedes that his punishment is within the statutory range, but
nonetheless contends it is grossly disproportionate to the facts in violation of the
constitutional prohibition against cruel and unusual punishment and thus violates his
federal constitutional rights. See U.S. Const. amend. VIII; Solem v. Helm, 463 U.S.
277, 103 S.Ct. 3001, 3006 (1983). The proportionality of a sentence is evaluated by
considering (1) the gravity of the offense and the harshness of the penalty, (2) the
sentences imposed on other criminals in the same jurisdiction, and (3) the sentences
imposed for commission of the same crime in other jurisdictions. Solem, 463 U.S. at
292, 103 S.Ct. at 3011. Unless appellant establishes the first element of the Solem
test, that his sentence is grossly disproportionate to his crime, we need not address the
second and third elements. See McGruder v. Puckett, 954 F.2d 313, 316 (5th Cir.
1992); see also Robertson v. State, 245 S.W.3d 545, 546 (Tex. App.—Tyler 2007,
pet. denied); Jackson v. State, 989 S.W.2d 842, 845-46 (Tex. App.—Texarkana
1999, no pet.).
          In determining whether Appellant’s sentence is grossly disproportionate, we
are guided by the holding in Rummel v. Estelle, 445 U.S. 263, 100 S.Ct. 1133 (1980).
After considering the facts of the instant case in light of Rummel, we conclude that
Appellant’s sentence was not unconstitutionally disproportionate. See id., 445 U.S.
at 266, 100 S.Ct. at 1134–35 (holding that life sentence is not cruel and unusual
punishment for obtaining $120.75 by false pretenses where appellant had a prior
felony conviction for fraudulent use of credit card to obtain $80 worth of goods or
services and another for passing a forged check in amount of $28.36). Assault with
a knife, “cutting and stabbing” the victim in the process, is an unquestionably violent
crime and we do not find seven years to be a disproportionate term of confinement
for such an act. See, e.g., Robertson v. State, 245 S.W.3d 545, 546 (Tex.
App.—Tyler 2007, pet. denied) (holding that twenty years’ confinement was not a
disproportionate sentence for assault with a deadly weapon). Absent a threshold
showing of disproportionality, we need not address the second and third Solem
elements. Therefore, we cannot conclude that appellant’s sentence constituted cruel
and unusual punishment.
          Finally, appellant asks us to consider the sentence assessed in light of the two
years’ incarceration he claims he was offered at some point during plea negotiations.
The only evidence of such an offer in the record is appellant’s testimony that, prior
to pleading guilty to aggravated assault in return for ten years’ deferred adjudication,
he was “going to take two years in TDCJ.” While this statement might be evidence
of appellant’s willingness to agree to such an offer, it is not clear evidence that such
an offer was actually made by the State, and it has no impact on our above analysis
of disproportionality.    
 
 
 
 
 
Conclusion
          We hold that the trial court did not err by assessing punishment at seven years’
confinement and affirm the judgment of the trial court.
 
                                                             George C. Hanks, Jr.
                                                             Justice
 
Panel consists of Justices Keyes, Alcala and Hanks.
Do not publish. See Tex. R. App. P. 47.2(b).