Opinion
Issued February 11, 2010

 

 

 

 

 

 

 

 

 

 

 

 








 








 










 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 

 

 

 

 class=Section5>

NO. 01-09-00445-CR

 

 

 

 class=Section6>

Ismael
Espinoza Bacenas, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 



 

On Appeal from the 174th
District Court

Harris County, Texas



Trial Court
Cause No.  1171375

 






MEMORANDUM
OPINION

          Appellant, Ismael
Espinoza Bacenas, appeals a judgment that convicts
him for aggravated assault.  See Tex.
Penal Code Ann. § 22.02
(Vernon Supp. 2009). 
Appellant pleaded not guilty to the offense.  The jury found him guilty and assessed his punishment
at 12 years in prison.  In one point of
error, appellant contends that the trial court erred by overruling his
objections to the State’s closing argument. 
We conclude the State’s argument was a reasonable deduction and proper
summation of the evidence.  We affirm.

Background

          One late evening in June 2008, appellant
and his girlfriend, Susana Ramirez, went to a club called Lavillita
Cantina.  While there, Jose Rivera, the
complainant, approached Ramirez each time appellant stepped away from Ramirez
to purchase drinks or use the restroom.  At
one point, appellant returned from the restroom to find Ramirez holding Rivera’s
cell phone.  Ramirez claimed she had
entered her number into Rivera’s cell phone to appease Rivera and to encourage
him to leave her alone.  Appellant took
the phone, returned it to Rivera, and told him to leave appellant and Ramirez
alone.  Rivera complied with appellant’s
request until appellant left again for the restroom or to purchase drinks.  Each time, appellant would return and tell Rivera
to stop talking to Ramirez and leave her alone. 
On one of these occasions, appellant and Rivera got into a verbal
argument.

          At 2:00
a.m. when the club was closing, appellant and Ramirez left the club. Rivera
followed them outside.  Appellant and Rivera
engaged in another verbal argument. 
Appellant then argued with Ramirez over who would drive home.  Ramirez wanted to drive because appellant had
been drinking, but appellant refused to relinquish the keys.  Ramirez started to walk home instead of
getting in the truck with appellant.    

During their argument, Rivera walked behind appellant and
Ramirez, listened to their conversation, and remained about 15 feet from them.  Once Ramirez started walking past appellant’s
truck, Rivera got into his own truck and followed Ramirez, driving slowly next
to her.  Appellant then got into his
truck, drove up to Ramirez, parked, and told her to get in the truck because it
was too dangerous to walk alone at night. 
Ramirez again insisted on driving and appellant finally agreed.  

Before getting in the passenger
side of the truck, appellant took a machete from the truck and, in an attempt
to scare Rivera, brandished it at Rivera and warned him not to come near them.  Rivera, however, continued to follow
appellant and Ramirez for approximately 30 minutes.  Appellant directed Ramirez to turn down
several streets in an unsuccessful effort to keep Rivera from following
them.  After about 30 minutes, appellant
directed Ramirez to stop at a gas station so they could see if Rivera had a
weapon.   

Once stopped, appellant immediately got out of the truck with
the machete and approached Rivera’s truck on the driver’s side.  Appellant attacked Rivera with the machete,
striking Rivera on the head and on several places on his left arm, nearly
amputating his left hand.  Appellant and
Ramirez then went home and on the way, appellant threw his blood-stained shirt
and machete out the window.  At trial,
appellant said he attacked Rivera because he feared Rivera was reaching for
something.  

Improper
Jury Argument

          In his sole
point of error, appellant contends that the trial court erred by overruling
appellant’s objections to the State’s argument at the guilt-innocence stage of
the trial, which appellant contends were outside the record.

          Proper jury
argument generally falls within one of four general areas:  (1) summation of the evidence; (2) reasonable
deduction from the evidence; (3) answer to argument of opposing counsel; and
(4) plea for law enforcement.  Guidry v. State, 9 S.W.3d 133, 154 (Tex.
Crim. App. 1999); Andrade v. State,
246 S.W.3d 217, 229–30 (Tex. App.—Houston [14th Dist.] 2007, pet. ref’d).  Trial
counsel has a duty to confine their arguments to the record and it is improper
to “reference . . . facts that are neither in evidence nor inferable from the
evidence . . . .”  Alejandro v. State, 493 S.W.2d 230, 231
(Tex. Crim. App. 1973).  “The
arguments that go beyond these areas too often place before the jury unsworn,
and most times believable, testimony of the attorney.”  Id.  Consequently, error exists when facts unsupported
by the record are interjected into the argument, but such error is not
reversible unless the argument is extreme or manifestly improper in light of
the record.  Allridge v. State, 762 S.W.2d
146, 155 (Tex. Crim. App. 1988).

          A.      Prosecution’s
Reference to an Abandoned Gas Station

Appellant complains of the
following State’s argument made during closing arguments at the guilt-innocence
stage of trial:

. . . reasonable is not
based on what [appellant] thinks.  It’s
reasonable based on what an ordinary and prudent person would do or think in
that situation. . . . Is it ordinary and prudent if you have someone following
you for you to decide: I’m going to pull over to the gas station where it’s lit
so that I can see if there’s a weapon?  Absolutely not.  Is it ordinary and prudent that you would then grab your machete and run at
the person who is parked in a truck across the parking lot?  Absolutely not.  Is it ordinary and prudent that before you
see if the other party has a weapon before the other party takes any
action?  Is it ordinary and prudent that
you start swinging that machete to the point that the person almost dies?  Absolutely not.

          Folks, we know what ordinary prudent people do.  You go to the police station.  You call 911. 
You seek out help.  How many of
you have children that you have said:  If
you ever feel like you’re being followed, drive to a grocery store, drive to
some place where there are people around? 
That’s where you go.  Not the
abandoned gas station.

 

Appellant objected that the reference to the abandoned gas
station was not part of the record.  The
trial court overruled the objection.

We hold the trial court did not err in overruling appellant’s
objection.  The record shows no one else
was present at the gas station; therefore, the State’s argument that the gas
station was abandoned is a reasonable deduction from the evidence.  See
Arnold v. State, 234 S.W.3d 664, 673–74
(Tex. App.—Houston [14th Dist.] 2007, no pet.) (holding
State reasonably deduced where gun powder would be found based on how defense
contended shooting occurred).   

          B.      Prosecution’s
Statement that Appellant was Yelling

Appellant also complains of the following State’s argument
made during the guilt-innocence stage of trial:

Let’s
fast-forward to the scene in the parking lot. 
When our victim is walking out of the club, what does he observe?  He observes that man yelling about who’s
going to drive home.  

 

Appellant objected to the statement
that appellant was yelling, asserting it was outside the record.  The trial court overruled the objection as a
reasonable deduction from evidence the jury already heard.  

The record shows that at trial, the
prosecutor cross-examined appellant regarding the argument,

[Prosecutor]:
So, she couldn’t have been very far from you if you were still talking to her
and yelling as she was walking?

 

[Appellant]:          No. 
I could see her as she was leaving.

 

Because
there is some evidence in the record of the use of the word “yelling” in
reference to appellant’s argument with Ramirez over who would drive home, we
hold the trial court did not err in overruling appellant’s objection.  See
Arnold, 234 S.W.3d at
673.  

          C.      Prosecution’s Two
References to 911 Tapes

Appellant complains of the following State’s argument made
during closing arguments at the guilt-innocence stage of trial:

State doesn’t
always have the luxury of being able to bring you a 911 tape.  We don’t have one in this case.  Instead, I brought you something better.  I 
brought you the victim, the eyewitness, the person who told you that he,
based on talking to the 911 operator, was told to follow the— 

 

Appellant objected to the
prosecutor’s reference to the 911 tape as outside the record.  The trial court overruled the objection as a
reasonable deduction from evidence the jury already heard.  

The trial record shows Rivera called 911 and that the 911
operator told Rivera to follow appellant. 
We hold that the State’s reference to the 911 call is a proper summation
of the evidence.  See Andrade, 246 S.W.3d at 230 (holding
reference to appellant’s failure to testify proper summation of evidence by
prosecutor).

Finally, appellant complains of the following State’s
argument made during the guilt-innocence stage of trial:

Is it so unusual
that when the boyfriend comes driving up and is angry and then shows a machete
to our victim, is it so unusual or such a farfetched stretch of the imagination
that at that point in time our complaining witness might call 911?  Not really. 
After all, he’s just been threatened with a machete.  

Defense
counsel brought up, where is the 911 tape? 
Well, folks, I’ll tell you, 911 tapes are destroyed very quickly.

 

Appellant
objected to the prosecutor’s reference as outside the record.  The trial court sustained the objection.  

In general, to preserve error for improper jury argument, a
contemporaneous objection must be made and an adverse ruling obtained. Tex. R. App. P. 33.1(a) (stating that
to preserve error, party must object and trial court must explicitly or
implicitly make an adverse ruling or refuse to rule on the objection); Cooks v. State, 844 S.W.2d 697, 727
(Tex. Crim. App. 1992).  If the trial
court sustains the objection, the defendant must then request an instruction to
disregard and, if granted, move for a mistrial.  Cooks,
844 S.W.2d at 727–28; see also Young v.
State, 137 S.W.3d 65, 69 (Tex. Crim. App. 2004).  If a defendant fails to object to a jury
argument or fails to pursue an adverse ruling on his objection to a jury
argument, he forfeits his right to complain about the jury argument on appeal. Cockrell v. State, 933
S.W.2d 73, 89 (Tex. Crim. App. 1996).

Here, appellant received all the relief he requested when the
trial court sustained his first objection.  Because he did not pursue his complaint to an
adverse ruling by requesting an instruction to disregard and moving for a
mistrial if the trial court granted the instruction to disregard, we hold
appellant failed to preserve for appellate review his argument regarding the
objection asserted to the State's final argument.  See id.
(holding that defendant’s failure to pursue to adverse
ruling his objection to jury argument forfeits his right to complain about argument
on appeal); Robertson v. State, 245
S.W.3d 545, 547 (Tex. App.—Tyler 2007, pet. ref'd).

We overrule appellant’s sole point of error.

Conclusion

          We affirm
the judgment of the trial court.

 

                                                                   

 

                                                                   Elsa
Alcala

                                                                   Justice

 

Panel consists of Chief Justice Radack, and Justices Alcala and Higley.

 

Do not publish.  Tex. R. App. P. 47.2(b).