NO









NO. 12-09-00235-CR

 

                         IN
THE COURT OF APPEALS

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

 

DANIEL GUZMAN,

APPELLANT                                                     '     APPEAL
FROM THE 7TH

 

V.                                                                         '     JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,                                 '     SMITH
COUNTY, TEXAS

APPELLEE

 





MEMORANDUM
OPINION

            Daniel
Guzman appeals his sentence following his conviction for aggravated robbery
after the trial court proceeded to revoke his deferred adjudication community
supervision and adjudicate his guilt.  In a single issue, Appellant argues that
the evidence is factually insufficient to support his punishment and that his
sentence constitutes cruel and unusual punishment.  We affirm.

 

Background 

            On January 20, 2009,
Appellant was sentenced to five years of deferred adjudication community
supervision (“community supervision”) for aggravated robbery, a first degree
felony.  Among other things, the terms of Appellant’s community supervision
required him to “commit no offense against the laws of this state,” to refrain
from drinking or possessing alcoholic beverages at any time, and to conduct six
hours of community service each month until he reached 320 hours, measured from
February, 2009.

On
April 18, 2009, Appellant was arrested for public intoxication after consuming
alcohol.  Following his arrest, Appellant’s community supervision officer
recommended that the court amend the terms of his community supervision by
requiring him to submit to an alcohol treatment program and to complete the
Lifeskills Program.  The trial court signed an order adding the requested conditions. 
On June 2, 2009, Appellant was arrested a second time for operating a motor
vehicle without a license.  Appellant also failed to complete his community
service requirement for the months of February, April, and May 2009.

Consequently,
the State filed its “Application to Proceed to Final Adjudication,” asking the
court to revoke Appellant’s community supervision, adjudicate his guilt on the
underlying aggravated robbery offense, and assess punishment.  Appellant
pleaded “true” to all three alleged violations of his community supervision. 
After a hearing, the trial court revoked Appellant’s community supervision,
found him guilty of the underlying aggravated robbery offense, and assessed
punishment at fifteen years of imprisonment.  Appellant timely appealed. 

Punishment

Appellant,
in a single multifarious issue, contends that the evidence was factually
insufficient to support the assessed sentence, and that the length of his
sentence was “harsh and excessive” under the circumstances.

Factual
Sufficiency – Punishment Evidence

Appellant
contends that “the standard of review for factual sufficiency is similar to the
sufficiency, or lack thereof, of the evidence, considered by the Trial Court to
hand down such a harsh sentence on Appellant.”  He argues that we “must
consider whether the great weight and preponderance of the evidence is
sufficient to justify a remand for a new trial.”  We construe Appellant’s
arguments as a challenge to the factual sufficiency of the evidence on
punishment. 

A
factual sufficiency review of the evidence supporting the assessment of
punishment is inappropriate.  See Robertson v. State, 245 S.W.3d
545, 548-49 (Tex. App.—Tyler 2007, pet. ref’d); see also Bradfield v.
State, 42 S.W.3d 350, 351 (Tex. App.—Eastland 2001, pet. ref’d).  To
the extent that Appellant challenges the factual sufficiency of the punishment
evidence, his sole issue is overruled.

Cruel and
Unusual Punishment

Appellant
also argues that the public intoxication and driving without a license arrests
were not severe enough to warrant such a “harsh and excessive sentence” for the
underlying aggravated robbery offense.  We construe this as a constitutional claim
that the sentence was disproportionate to the underlying offense for which he
was convicted. 

Appellant
did not object to his sentence when it was assessed.  Because Appellant did not
raise this objection in the trial court, he has not preserved the issue for
appellate review.  See Tex. R.
App. P. 33.1(a); See Schneider v. State, 645 S.W.2d 463,
466 (Tex. Crim. App. 1983); Jacobs v. State, 80 S.W.3d 631,
632-33 (Tex. App.—Tyler 2002, no pet.). 

But
even if Appellant had preserved this complaint for review, he still would not
prevail.  Where deferred adjudication community supervision is revoked, the
trial court may generally impose any punishment authorized by statute within
the statutory range.  Von Schounmacher v. State, 5 S.W.3d 221,
223 (Tex. Crim. App. 1999) (per curiam); Jackson, 680 S.W.2d at
814.  Appellant was convicted of aggravated robbery, a first degree felony,
with a possible punishment of life or any term of not more than ninety-nine
years or less than five years.  See Tex.
Penal Code Ann. §§ 12.32 (Vernon Supp. 2009); 29.03 (Vernon 2003).  He
was sentenced to fifteen years of imprisonment, which is within the statutory
range.

Appellant
concedes that his punishment is within the statutory range, but he implicitly contends
it is grossly disproportionate to the facts of this case in violation of the
Eighth Amendment.  See U.S.
Const. amend. VIII; Solem v. Helm, 463 U.S. 277, 103 S. Ct.
3001, 3006, 77 L. Ed. 2d 637 (1983).[1] 
The proportionality of a sentence is evaluated by considering 1) the gravity of
the offense and the harshness of the penalty, 2) the sentences imposed on other
criminals in the same jurisdiction, and 3) the sentences imposed for commission
of the same crime in other jurisdictions.  Solem, 463 U.S. at
292, 103 S. Ct. at 3011.  Unless Appellant establishes that his sentence is
grossly disproportionate to his crime, we need not address the second and third
criteria set out in Solem.  See McGruder v. Puckett,
954 F.2d 313, 316 (5th Cir. 1992); see also Robertson v. State,
245 S.W.3d 545, 549 (Tex. App.—Tyler 2007, pet. ref’d). 

In
determining whether Appellant’s sentence is grossly disproportionate, we are
guided by the holding in Rummel v. Estelle, 445 U.S. 263, 100 S. Ct.
1133, 63 L. Ed. 2d 382 (1980).  After considering the facts of the instant case
in light of Rummel, we conclude that Appellant’s sentence was not
unconstitutionally disproportionate.  See id., 445 U.S. at 266,
100 S. Ct. at 1134-35 (holding that life sentence is not cruel and unusual
punishment for obtaining $120.75 by false pretenses where appellant had a prior
felony conviction for fraudulent use of credit card to obtain $80 worth of
goods or services and another for passing a forged check in amount of $28.36). 
Absent a threshold showing of disproportionality, we need not address the
second and third Solem criteria.  Therefore, we cannot conclude
that Appellant’s sentence constituted cruel and unusual punishment.  The
remainder of Appellant’s sole issue is overruled.

 

Disposition

            We affirm
the judgment of the trial court.



                                                                                                    
JAMES T. WORTHEN    

                                                                                                                
Chief Justice

 

 

Opinion delivered May 5, 2010.

Panel consisted of Worthen, C.J., Griffith, J., and
Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH) 

 









                [1]
Texas courts have consistently concluded that there is no significant
difference between the United States and Texas constitutional provisions
prohibiting cruel and unusual punishment.  See, e.g., Cantu v. State,
939 S.W.2d 627, 645 (Tex. Crim. App. 1997) (comparing Texas Constitution
article I, section 13 with United States Constitution amendment VIII).