NO









NO. 12-09-00366-CR

NO. 12-09-00367-CR

NO. 12-09-00368-CR

 

                         IN
THE COURT OF APPEALS

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

 

WILLIAM WAYNE SMITH,

APPELLANT                                                     '     APPEALS
FROM THE 217TH

 

V.                                                                         '     JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,                                 '     ANGELINA
COUNTY, TEXAS

APPELLEE

 





MEMORANDUM
OPINION

William
Wayne Smith appeals his convictions of evading detention (trial court cause
number 28069), possession of a controlled substance with intent to deliver
(trial court cause number 28263), and possession of a controlled substance
(trial court cause number 28532).  In two issues, Appellant argues that his
trial counsel was ineffective and that his sentence constituted cruel and
unusual punishment.  We affirm.

 

Background

Appellant
was indicted on three separate offenses occurring on separate dates in separate
criminal episodes: evading detention (offense date February 14, 2009),
possession of a controlled substance with the intent to deliver (offense date
November 29, 2007), and possession of a controlled substance (offense date
September 18, 2008).  As pleaded in the indictments, all three offenses were
classified as state jail felonies.  Appellant entered an open guilty plea on
all three offenses in a single hearing.  Appellant failed to appear at his
sentencing hearing, and the trial court issued a judgment nisi, which in
turn triggered the issuance of a capias.  Appellant was thereafter
arrested and brought before the trial court for his punishment hearing.  The
trial court assessed punishment at two years of imprisonment on each offense,
to be served concurrently. 

 

 

Ineffective Assistance of Counsel

            In
his first issue, Appellant alleges that, during the punishment phase of his
trial, his counsel was constitutionally ineffective in failing to present evidence
of his learning disability. 

Standard of Review and
Applicable Law

Claims
of ineffective assistance of counsel are evaluated under the two step analysis
articulated in Strickland v. Washington, 466 U.S. 668, 104 S. Ct.
2052, 80 L. Ed. 674 (1984).  The first step requires the appellant to
demonstrate that trial counsel’s representation fell below an objective
standard of reasonableness under prevailing professional norms.  See Strickland,
466 U.S. at 688, 104 S. Ct. at 2065.  To satisfy this step, the appellant must
identify the acts or omissions of counsel alleged to be ineffective assistance
and affirmatively prove that they fell below the professional norm of
reasonableness.  See McFarland v. State, 928 S.W.2d 482, 500
(Tex. Crim. App. 1996).  The reviewing court will not find ineffectiveness by
isolating any portion of trial counsel's representation, but will judge the
claim based on the totality of the representation.  See Strickland,
466 U.S. at 695, 104 S. Ct. at 2069.

To
satisfy the Strickland standard, the appellant is also required
to show prejudice from the deficient performance of his attorney.  See Hernandez
v. State, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999).  To establish
prejudice, the appellant must prove that but for counsel’s deficient performance,
the result of the proceeding would have been different.  See Strickland,
466 U.S. at 694, 104 S. Ct. at 2068.

In
any case considering the issue of ineffective assistance of counsel, we begin
with the strong presumption that counsel was effective.  See Jackson v.
State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).  We must presume
counsel’s actions and decisions were reasonably professional and were motivated
by sound trial strategy.  See id.  The appellant has the burden
of rebutting this presumption by presenting evidence illustrating why his trial
counsel did what he did.  See id.  The appellant cannot meet this
burden if the record does not affirmatively support the claim.  See Jackson
v. State, 973 S.W.2d 954, 955 (Tex. Crim. App. 1998) (inadequate record
on direct appeal to evaluate whether trial counsel provided ineffective
assistance).  A record that specifically focuses on the conduct of trial
counsel is necessary for a proper evaluation of an ineffectiveness claim.  See
Kemp v. State, 892 S.W.2d 112, 115 (Tex. App.—Houston [1st Dist.]
1994, pet. ref'd).

Discussion

Appellant
did not complete the questionnaire used to prepare his presentence
investigation report (“PSI”).  Appellant testified that he went to an
appointment to review the PSI with a community supervision officer.  After he
arrived, he wanted help in filling out the questionnaire because he did not
understand some of the questions, he could not read very well, and he dropped
out of school in the eleventh grade.  He testified that when he attempted to
seek help in filling out the questionnaire, he was ridiculed for not completing
it.  His response to the criticism was to leave the building. 

The
State called the community supervision officer who oversaw Appellant’s
presentence investigation as a rebuttal witness.  The officer stated that
Appellant missed his first appointment to evaluate the PSI.  The officer
testified that she contacted Appellant, rescheduled the meeting for the
following day, and advised him that the questionnaire needed to be filled out
prior to the meeting.  Although Appellant attended the meeting on the following
morning, he had not completed any portion of the questionnaire.  Appellant was
then instructed to sit in the lobby to complete the required forms.  When the
officer checked on Appellant’s progress twenty minutes later, she noticed that
Appellant was gone.  She testified further that Appellant never mentioned a
learning disability that kept him from completing the required paperwork. 

Appellant
claims that his learning disability was mitigating evidence that was not fully
explored by defense counsel.  Particularly, Appellant alleges that his friends
and family members could have been called as witnesses to testify as to the
severity and effects of his learning disability.  He argues that this evidence
would further explain why the presentence investigation report was not filled
out, why he did not keep his appointment, and why he left his rescheduled
appointment in frustration.  Without this evidence, Appellant argues, the trial
court was left with the erroneous impression that Appellant simply was
unwilling to follow the law or submit to authority. 

Yet,
Appellant’s factual assertions concerning such mitigating evidence and the
uncalled witnesses that would testify thereto are not supported by the record.  See
Ex parte White, 160 S.W.3d 46, 52 (Tex. Crim. App. 2004) (holding
that to obtain relief on ineffective assistance of counsel claim based on
uncalled witness, accused must show that witness had been available to testify
and that testimony would have been of some benefit to defense).  Appellant did
not show that these witnesses were available to testify, describe the substance
of their testimony, or show that he would have benefitted from their testimony.

Appellant
nevertheless argues that the failure to present such mitigating evidence
constitutes a complete abdication of trial counsel’s obligation and that there
can be no reasonable basis to adopt such a position.  But Appellant did not
file a motion for new trial and call his trial counsel as a witness to explain
his reasoning.  See Bone v. State, 77 S.W.3d 828, 836 (Tex. Crim.
App. 2002) (stating that defense counsel should be given opportunity to explain
actions before being condemned as unprofessional and incompetent); see also Anderson
v. State, 193 S.W.3d 34, 39 (Tex. App.—Houston [1st Dist.] 2006, pet.
ref’d) (holding that because appellant did not call his trial counsel during motion
for new trial hearing to give reasons for failure to investigate or present
mitigating evidence, record does not support ineffective assistance claim).  When
the record fails to show why counsel did not present any evidence at the trial
on punishment, we cannot conclude that counsel’s performance was deficient.  See
Jackson, 877 S.W.2d at 771-72.  Appellant has not overcome the strong
presumption that counsel’s conduct fell within the wide range of professional
assistance.[1]
 See Strickland, 466 U.S. at 689-90, 104 S. Ct. at 2065.  Appellant’s
first issue is overruled.

 

Cruel and Unusual Punishment

            In
his second issue, Appellant contends that his sentence was unconstitutionally
disproportionate to the offenses he committed and results in cruel and unusual
punishment.

Appellant
did not object to his sentence when it was assessed.  Because Appellant did not
object in the trial court, he has not preserved his complaint for appellate
review.  See Tex. R. App. P.
33.1(a); Robertson v. State, 245 S.W.3d 545, 549 (Tex. App.—Tyler
2007, pet. ref’d).

But
even if Appellant had preserved this complaint for review, he still would not
prevail.  Generally, a sentence authorized by statute within the statutory
range will not be considered cruel and unusual punishment.  See Harris v.
State, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983).  As pleaded in the
indictments, all three offenses were state jail felonies, which carry a maximum
penalty of two years of imprisonment and/or a $10,000.00 fine.  See Tex. Penal Code Ann. § 12.35(a), (b) (Vernon
Supp. 2009).  Here, Appellant received concurrent two year sentences on each
offense with no fine, sentences within the statutory range.

Appellant
concedes that his punishment is within the statutory range, but he nevertheless
contends it is grossly disproportionate to the facts of this case in violation of
the United States and Texas constitutions.  See U.S. Const. amend. VIII; Solem v. Helm, 463
U.S. 277, 284, 103 S. Ct. 3001, 3006, 77 L. Ed. 2d 637 (1983).  The
proportionality of a sentence is evaluated by considering (1) the gravity of
the offense and the harshness of the penalty, (2) the sentences imposed on
other criminals in the same jurisdiction, and (3) the sentences imposed for
commission of the same crime in other jurisdictions.  Solem, 463
U.S. at 292, 103 S. Ct. at 3011.  Unless Appellant establishes that his
sentence is grossly disproportionate to his crime, we need not address the
second and third criteria set out in Solem.  See McGruder
v. Puckett, 954 F.2d 313, 316 (5th Cir. 1992); see also Robertson,
245 S.W.3d at 549. 

In
determining whether Appellant’s sentence is grossly disproportionate, we are
guided by the holding in Rummel v. Estelle, 445 U.S. 263, 100 S. Ct.
1133, 63 L. Ed. 2d 382 (1980).  After considering the facts of the instant case
in light of Rummel, we conclude that Appellant’s sentence was not
unconstitutionally disproportionate.  See id., 445 U.S. at 266,
100 S. Ct. at 1134-35 (holding that life sentence is not cruel and unusual
punishment for obtaining $120.75 by false pretenses where appellant had a prior
felony conviction for fraudulent use of credit card to obtain $80 worth of
goods or services and another for passing a forged check in amount of $28.36). 
Absent a threshold showing of disproportionality, we need not address the
second and third Solem criteria.  Therefore, we cannot conclude
that Appellant’s sentence constitutes cruel and unusual punishment. 
Appellant’s second issue is overruled.

 

 

 

Disposition

            We affirm
the judgment of the trial court.



                                                                                                    
JAMES T. WORTHEN    

                                                                                                               
 Chief Justice

 

 

Opinion delivered July 21, 2010.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)

 









                [1]Moreover,
the trial court stated that the failure to fill out the presentence
investigation questionnaire had but slight effect on the sentence. 
Specifically, the court explained as follows:

 

Not getting your PSI form filled
out probably is a small factor, but it’s not as big a factor in deciding what
to do in this case because I believe probably most of the questions got asked
and you answered a lot of that information today.  So I know what the
information is that you would have put down on the paper about your family,
jobs, that sort of stuff.  So I’m not making a decision based on not having the
information.