# NO. 12-09-00339-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MONTRELL HIGH,*<br>*APPELLANT* | *§* | *APPEAL FROM THE 7TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | *§* | *SMITH COUNTY, TEXAS* |

---

### *MEMORANDUM OPINION*

Montrell High appeals his conviction for engaging in organized criminal activity. In two issues, he argues that the trial court's sentence is disproportionate to the crime committed under the United States and Texas constitutions. We affirm.

### BACKGROUND

Appellant, a member of a criminal street gang, was at the helm of a vicious assault against the victim. Appellant and his friends beat the victim so severely that he lost his senses of taste and smell. It was not until the victim's daughter covered him up that the assault ceased. Appellant was arrested and indicted for engaging in organized criminal activity, a first degree felony. Along with other codefendants involved in the assault, Appellant entered a nonnegotiated open plea of guilty. The trial court accepted Appellant's plea, and thereafter sentenced him to twenty-five years of imprisonment.

### DISPROPORTIONATE SENTENCE

In his first issue, Appellant contends that the trial court's sentence was disproportionate to

the crime committed and violates the Eighth Amendment to the United States Constitution. In his second issue, he argues that the sentence is disproportionate to the crime committed when analyzed under article I, section 13 of the Texas Constitution.[1]

Appellant did not object to his sentence when it was assessed. Because Appellant did not object in the trial court, he has not preserved his complaint for appellate review. *See* TEX. R. APP. P. 33.1(a); **Robertson v. State**, 245 S.W.3d 545, 549 (Tex. App.–Tyler 2007, pet. ref'd) (holding failure to object waived United States and Texas constitutional cruel and unusual punishment arguments).

But, even if Appellant had preserved this complaint for review, he still would not prevail. Generally, a sentence authorized by statute within the statutory range will not be considered cruel and unusual punishment. *See* **Harris v. State**, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983). Appellant was convicted of engaging in organized criminal activity, a first degree felony, with a possible punishment of life or any term of not more than ninety-nine years or less than five years. *See* TEX. PENAL CODE ANN. §§ 12.32 (Vernon Supp. 2009); 71.02(a)(1), (b) (Vernon Supp. 2009). He was sentenced to twenty-five years of imprisonment, which is within the statutory range. *See* **Smith v. State**, 256 S.W.3d 341, 343-44 (Tex. App.–San Antonio 2007, no pet.) (holding twenty-five year sentence for organized criminal activity passed constitutional muster).

Appellant concedes that his punishment is within the statutory range, but he nevertheless contends it is grossly disproportionate to the facts of this case in violation of the United States and Texas constitutions. *See* U.S. CONST. amend. VIII; TEX. CONST. art. I, § 13; **Solem v. Helm**, 463 U.S. 277, 284, 103 S. Ct. 3001, 3006, 77 L. Ed. 2d 637 (1983). The proportionality of a sentence is evaluated by considering 1) the gravity of the offense and the harshness of the penalty, 2) the sentences imposed on other criminals in the same jurisdiction, and 3) the sentences imposed for commission of the same crime in other jurisdictions. **Solem**, 463 U.S. at 292, 103 S. Ct. at 3011. Unless Appellant establishes that his sentence is grossly disproportionate to his crime, we need not address the second and third criteria set out in **Solem**. *See* **McGruder v. Puckett**, 954 F.2d 313, 316 (5th Cir. 1992); *see also* **Robertson**, 245 S.W.3d at 549.

Appellant argues that his sentence is disproportionate to that of his codefendants because at

---

[1] Texas courts have consistently concluded that there is no significant difference between the United States and Texas constitutional provisions prohibiting cruel and unusual punishment, and so we analyze both of Appellant's issues together. *See, e.g.,* **Cantu v. State**, 939 S.W.2d 627, 645 (Tex. Crim. App. 1997) (comparing Texas Constitution article I, section 13 with United States Constitution amendment VIII).

the time of Appellant's sentencing, two of his codefendants received fifteen years of imprisonment, while he received twenty-five years of imprisonment. The different sentences received by Appellant's codefendants do not render Appellant's lengthier sentence cruel and unusual. *See Gonzales v. State*, 501 S.W.2d 644, 646 (Tex. Crim. App. 1973).

Appellant also implicitly asserts that the disparate sentences arose from the trial court's displeasure with defense counsel's pervasive tardiness from scheduled court hearings. Although the trial court voiced displeasure with Appellant's counsel's pattern of tardiness and absence, we see nothing in the record to support that this affected Appellant's sentence.

Appellant next contends that the length of his sentence is grossly disproportionate to the nature of the crime committed. Specifically, Appellant claims that engaging in an aggravated assault in furtherance of his gang activity does not warrant the sentence he received. In determining whether Appellant's sentence is grossly disproportionate, we are guided by the holding in *Rummel v. Estelle*, 445 U.S. 263, 100 S. Ct. 1133, 63 L. Ed. 2d 382 (1980). After considering the facts of the instant case in light of *Rummel*, we conclude that Appellant's sentence was not unconstitutionally disproportionate. *See id.*, 445 U.S. at 266, 100 S. Ct. at 1134-35 (holding that life sentence is not cruel and unusual punishment for obtaining $120.75 by false pretenses where appellant had a prior felony conviction for fraudulent use of credit card to obtain $80 worth of goods or services and another for passing a forged check in amount of $28.36). Absent a threshold showing of disproportionality, we need not address the second and third *Solem* criteria. Therefore, we cannot conclude that Appellant's sentence constitutes cruel and unusual punishment. Both of Appellant's issues are overruled.

## DISPOSITION

We *affirm* the judgment of the trial court.

**BRIAN HOYLE**
Justice

Opinion delivered July 21, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

3

(DO NOT PUBLISH)

4