NO.
12-09-00339-CR

      

                         IN THE COURT OF
APPEALS         

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

MONTRELL HIGH,                                          '                 APPEAL FROM THE 7TH

APPELLANT

 

V.                                                                         '                 JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE                                                        '                 SMITH COUNTY,
TEXAS

                                                        
                                         

                                                      MEMORANDUM
OPINION

Montrell
High appeals his conviction for engaging in organized criminal activity.  In
two issues, he argues that the trial court’s sentence is disproportionate to
the crime committed under the United States and Texas constitutions.  We
affirm.

 

Background

            Appellant,
a member of a criminal street gang, was at the helm of a vicious assault
against the victim.  Appellant and his friends beat the victim so severely that
he lost his senses of taste and smell.  It was not until the victim’s daughter
covered him up that the assault ceased.  Appellant was arrested and indicted
for engaging in organized criminal activity, a first degree felony.  Along with
other codefendants involved in the assault, Appellant entered a nonnegotiated
open plea of guilty.  The trial court accepted Appellant’s plea, and thereafter
sentenced him to twenty-five years of imprisonment.

 

 

Disproportionate
Sentence

In
his first issue, Appellant contends that the trial court’s sentence was
disproportionate to the crime committed and violates the Eighth Amendment to
the United States Constitution.  In his second issue, he argues that the
sentence is disproportionate to the crime committed when analyzed under article
I, section 13 of the Texas Constitution.[1]
 

Appellant
did not object to his sentence when it was assessed.  Because Appellant did not
object in the trial court, he has not preserved his complaint for appellate
review.  See Tex. R. App. P.
33.1(a); Robertson v. State, 245 S.W.3d 545, 549 (Tex. App.–Tyler
2007, pet. ref’d) (holding failure to object waived United States and Texas
constitutional cruel and unusual punishment arguments).

But,
even if Appellant had preserved this complaint for review, he still would not
prevail.  Generally, a sentence authorized by statute within the statutory
range will not be considered cruel and unusual punishment.  See Harris v.
State, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983).  Appellant was
convicted of engaging in organized criminal activity, a first degree felony,
with a possible punishment of life or any term of not more than ninety-nine
years or less than five years.  See Tex.
Penal Code Ann. §§ 12.32 (Vernon Supp. 2009); 71.02(a)(1), (b) (Vernon
Supp. 2009).  He was sentenced to twenty-five years of imprisonment, which is
within the statutory range.  See Smith v. State, 256 S.W.3d 341,
343-44 (Tex. App.–San Antonio 2007, no pet.) (holding twenty-five year sentence
for organized criminal activity passed constitutional muster). 

Appellant
concedes that his punishment is within the statutory range, but he nevertheless
contends it is grossly disproportionate to the facts of this case in violation
of the United States and Texas constitutions.  See U.S. Const. amend. VIII; Tex. Const. art. I, § 13; Solem
v. Helm, 463 U.S. 277, 284, 103 S. Ct. 3001, 3006, 77 L. Ed. 2d 637
(1983).  The proportionality of a sentence is evaluated by considering 1) the
gravity of the offense and the harshness of the penalty, 2) the sentences
imposed on other criminals in the same jurisdiction, and 3) the sentences
imposed for commission of the same crime in other jurisdictions.  Solem,
463 U.S. at 292, 103 S. Ct. at 3011.  Unless Appellant establishes that his
sentence is grossly disproportionate to his crime, we need not address the
second and third criteria set out in Solem.  See McGruder
v. Puckett, 954 F.2d 313, 316 (5th Cir. 1992); see also Robertson,
245 S.W.3d at 549. 

Appellant
argues that his sentence is disproportionate to that of his codefendants
because at the time of Appellant’s sentencing, two of his codefendants received
fifteen years of imprisonment, while he received twenty-five years of imprisonment. 
The different sentences received by Appellant’s codefendants do not render
Appellant’s lengthier sentence cruel and unusual.  See Gonzales v. State,
501 S.W.2d 644, 646 (Tex. Crim. App. 1973).  

Appellant
also implicitly asserts that the disparate sentences arose from the trial
court’s displeasure with defense counsel’s pervasive tardiness from scheduled
court hearings.  Although the trial court voiced displeasure with Appellant’s
counsel’s pattern of tardiness and absence, we see nothing in the record to
support that this affected Appellant’s sentence.

Appellant
next contends that the length of his sentence is grossly disproportionate to
the nature of the crime committed.  Specifically, Appellant claims that
engaging in an aggravated assault in furtherance of his gang activity does not
warrant the sentence he received.  In determining whether Appellant’s sentence
is grossly disproportionate, we are guided by the holding in Rummel v.
Estelle, 445 U.S. 263, 100 S. Ct. 1133, 63 L. Ed. 2d 382 (1980).  After
considering the facts of the instant case in light of Rummel, we
conclude that Appellant’s sentence was not unconstitutionally
disproportionate.  See id., 445 U.S. at 266, 100 S. Ct. at
1134-35 (holding that life sentence is not cruel and unusual punishment for
obtaining $120.75 by false pretenses where appellant had a prior felony
conviction for fraudulent use of credit card to obtain $80 worth of goods or
services and another for passing a forged check in amount of $28.36).  Absent a
threshold showing of disproportionality, we need not address the second and
third Solem criteria.  Therefore, we cannot conclude that
Appellant’s sentence constitutes cruel and unusual punishment.  Both of
Appellant’s issues are overruled.

 

Disposition

            We
affirm the judgment of the trial court.

 

 

                                                                                                Brian Hoyle

                                                                                                    
Justice

 

 

 

Opinion
delivered July 21, 2010.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)









      [1] Texas courts have consistently concluded that there
is no significant difference between the United States and Texas constitutional
provisions prohibiting cruel and unusual punishment, and so we analyze both of
Appellant’s issues together.  See, e.g., Cantu v. State, 939
S.W.2d 627, 645 (Tex. Crim. App. 1997) (comparing Texas Constitution article I,
section 13 with United States Constitution amendment VIII).