**Opinion filed July 22, 2010**



# In The

# Eleventh Court of Appeals

_____

## No. 11-09-00054-CR

_____

## LOUIS CORONA BARRIENTES, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 42nd District Court**

**Taylor County, Texas**

**Trial Court Cause No. 23153A**

### M E M O R A N D U M   O P I N I O N

Upon his plea of guilty, the trial court convicted Louis Corona Barrientes of the offense of murder and assessed his punishment at confinement for life. We affirm.

Appellant and the victim were involved in a relationship for approximately two years. During the relationship, they had numerous physical altercations. Appellant and the victim argued on the night of the murder. The following day, the victim's body was found in the back of a vehicle at the residence of appellant's brother-in-law. The victim had visible injuries on her

body. After obtaining a search warrant for appellant's residence, officers found blood throughout appellant's residence. Appellant was later arrested at his grandmother's residence.

The trial court found appellant incompetent to stand trial and ordered appellant to inpatient treatment. Appellant later confessed to the murder and entered a plea of guilty.

In his sole issue on appeal, appellant argues that the evidence is factually insufficient to support his punishment of confinement for life. In arguing that the evidence is factually insufficient to support his punishment, appellant states that his criminal history only includes misdemeanor offenses. Appellant further states that he has a mental health diagnosis of bipolar and schizophrenia that went untreated before his arrest for the current offense.

Appellant asks us to revisit our holdings in *Bradfield v. State*, 42 S.W.3d 350 (Tex. App.—Eastland 2001, pet. ref'd), and *Flores v. State*, 936 S.W.2d 478 (Tex. App.—Eastland 1996, pet. ref'd), in which we found that factual sufficiency review does not extend to the assessment of punishment. In *Bradfield*, we stated that factual sufficiency review under *Clewis v. State*, 922 S.W.2d 126 (Tex. Crim. App. 1996), applies to the elements of the offense upon which the State has the burden of proof. *Bradfield*, 42 S.W.3d at 352. The determination of an element of the offense or other fact issue is different from the assessment of punishment. *Id*. We again decline to apply factual sufficiency review to the assessment of punishment. We note that our decision is consistent with that of other courts of appeals. *See Burrus v. State*, 266 S.W.3d 107 (Tex. App.—Fort Worth 2008, no pet.); *Robertson v. State*, 245 S.W.3d 545 (Tex. App.—Tyler 2007, pet. ref'd). We overrule appellant's sole issue on appeal.

We affirm the trial court's judgment.


JIM R. WRIGHT

CHIEF JUSTICE


July 22, 2010

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.