Opinion filed July 22,
2010

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-09-00054-CR

                                                    __________

 

                         LOUIS
CORONA BARRIENTES, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 42nd District Court

 

                                                            Taylor
County, Texas

 

                                                    Trial
Court Cause No. 23153A

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            Upon
his plea of guilty, the trial court convicted Louis Corona Barrientes of the
offense of murder and assessed his punishment at confinement for life.  We
affirm.

            Appellant
and the victim were involved in a relationship for approximately two years.  During
the relationship, they had numerous physical altercations.  Appellant and the
victim argued on the night of the murder.  The following day, the victim’s body
was found in the back of a vehicle at the residence of appellant’s
brother-in-law.  The victim had visible injuries on her body.  After obtaining
a search warrant for appellant’s residence, officers found blood throughout
appellant’s residence.  Appellant was later arrested at his grandmother’s
residence.

            The
trial court found appellant incompetent to stand trial and ordered appellant to
inpatient treatment.  Appellant later confessed to the murder and entered a
plea of guilty.

            In
his sole issue on appeal, appellant argues that the evidence is factually
insufficient to support his punishment of confinement for life.  In arguing
that the evidence is factually insufficient to support his punishment,
appellant states that his criminal history only includes misdemeanor offenses. 
Appellant further states that he has a mental health diagnosis of bipolar and
schizophrenia that went untreated before his arrest for the current offense.  

Appellant
asks us to revisit our holdings in Bradfield v. State, 42 S.W.3d 350
(Tex. App.—Eastland 2001, pet. ref’d), and Flores v. State, 936 S.W.2d
478 (Tex. App.—Eastland 1996, pet. ref’d), in which we found that factual
sufficiency review does not extend to the assessment of punishment.  In Bradfield,
we stated that factual sufficiency review under Clewis v. State,
922 S.W.2d 126 (Tex. Crim. App. 1996), applies to the elements of the offense upon
which the State has the burden of proof.  Bradfield, 42 S.W.3d at 352. 
The determination of an element of the offense or other fact issue is different
from the assessment of punishment.  Id.  We again decline to apply
factual sufficiency review to the assessment of punishment.  We note that our
decision is consistent with that of other courts of appeals.  See Burrus v.
State, 266 S.W.3d 107 (Tex. App.—Fort Worth 2008, no pet.); Robertson v.
State, 245 S.W.3d 545 (Tex. App.—Tyler 2007, pet. ref’d).  We overrule
appellant’s sole issue on appeal.

We
affirm the trial court’s judgment.

 

 

                                                                                    JIM
R. WRIGHT

                                                                                    CHIEF
JUSTICE

 

July 22, 2010

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.