# NO. 12-09-00366-CR
# NO. 12-09-00367-CR
# NO. 12-09-00368-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *WILLIAM WAYNE SMITH,*<br>*APPELLANT* | § | *APPEALS FROM THE 217TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

William Wayne Smith appeals his convictions of evading detention (trial court cause number 28069), possession of a controlled substance with intent to deliver (trial court cause number 28263), and possession of a controlled substance (trial court cause number 28532). In two issues, Appellant argues that his trial counsel was ineffective and that his sentence constituted cruel and unusual punishment. We affirm.

### BACKGROUND

Appellant was indicted on three separate offenses occurring on separate dates in separate criminal episodes: evading detention (offense date February 14, 2009), possession of a controlled substance with the intent to deliver (offense date November 29, 2007), and possession of a controlled substance (offense date September 18, 2008). As pleaded in the indictments, all three offenses were classified as state jail felonies. Appellant entered an open guilty plea on all three offenses in a single hearing. Appellant failed to appear at his sentencing hearing, and the trial court issued a judgment *nisi*, which in turn triggered the issuance of a *capias*. Appellant was thereafter arrested and brought before the trial court for his punishment hearing. The trial court assessed punishment at two years of imprisonment on each offense, to be served concurrently.

In his first issue, Appellant alleges that, during the punishment phase of his trial, his counsel was constitutionally ineffective in failing to present evidence of his learning disability.

## Standard of Review and Applicable Law

Claims of ineffective assistance of counsel are evaluated under the two step analysis articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 674 (1984). The first step requires the appellant to demonstrate that trial counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. *See Strickland*, 466 U.S. at 688, 104 S. Ct. at 2065. To satisfy this step, the appellant must identify the acts or omissions of counsel alleged to be ineffective assistance and affirmatively prove that they fell below the professional norm of reasonableness. *See McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996). The reviewing court will not find ineffectiveness by isolating any portion of trial counsel's representation, but will judge the claim based on the totality of the representation. *See Strickland*, 466 U.S. at 695, 104 S. Ct. at 2069.

To satisfy the *Strickland* standard, the appellant is also required to show prejudice from the deficient performance of his attorney. *See Hernandez v. State*, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999). To establish prejudice, the appellant must prove that but for counsel's deficient performance, the result of the proceeding would have been different. *See Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.

In any case considering the issue of ineffective assistance of counsel, we begin with the strong presumption that counsel was effective. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). We must presume counsel's actions and decisions were reasonably professional and were motivated by sound trial strategy. *See id*. The appellant has the burden of rebutting this presumption by presenting evidence illustrating why his trial counsel did what he did. *See id*. The appellant cannot meet this burden if the record does not affirmatively support the claim. *See Jackson v. State*, 973 S.W.2d 954, 955 (Tex. Crim. App. 1998) (inadequate record on direct appeal to evaluate whether trial counsel provided ineffective assistance). A record that specifically focuses on the conduct of trial counsel is necessary for a proper evaluation of an ineffectiveness claim. *See Kemp v. State*, 892 S.W.2d 112, 115 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd).

**Discussion**

Appellant did not complete the questionnaire used to prepare his presentence investigation report ("PSI"). Appellant testified that he went to an appointment to review the PSI with a community supervision officer. After he arrived, he wanted help in filling out the questionnaire because he did not understand some of the questions, he could not read very well, and he dropped out of school in the eleventh grade. He testified that when he attempted to seek help in filling out the questionnaire, he was ridiculed for not completing it. His response to the criticism was to leave the building.

The State called the community supervision officer who oversaw Appellant's presentence investigation as a rebuttal witness. The officer stated that Appellant missed his first appointment to evaluate the PSI. The officer testified that she contacted Appellant, rescheduled the meeting for the following day, and advised him that the questionnaire needed to be filled out prior to the meeting. Although Appellant attended the meeting on the following morning, he had not completed any portion of the questionnaire. Appellant was then instructed to sit in the lobby to complete the required forms. When the officer checked on Appellant's progress twenty minutes later, she noticed that Appellant was gone. She testified further that Appellant never mentioned a learning disability that kept him from completing the required paperwork.

Appellant claims that his learning disability was mitigating evidence that was not fully explored by defense counsel. Particularly, Appellant alleges that his friends and family members could have been called as witnesses to testify as to the severity and effects of his learning disability. He argues that this evidence would further explain why the presentence investigation report was not filled out, why he did not keep his appointment, and why he left his rescheduled appointment in frustration. Without this evidence, Appellant argues, the trial court was left with the erroneous impression that Appellant simply was unwilling to follow the law or submit to authority.

Yet, Appellant's factual assertions concerning such mitigating evidence and the uncalled witnesses that would testify thereto are not supported by the record. *See Ex parte White*, 160 S.W.3d 46, 52 (Tex. Crim. App. 2004) (holding that to obtain relief on ineffective assistance of counsel claim based on uncalled witness, accused must show that witness had been available to testify and that testimony would have been of some benefit to defense). Appellant did not show that these witnesses were available to testify,

describe the substance of their testimony, or show that he would have benefitted from their testimony.

Appellant nevertheless argues that the failure to present such mitigating evidence constitutes a complete abdication of trial counsel's obligation and that there can be no reasonable basis to adopt such a position. But Appellant did not file a motion for new trial and call his trial counsel as a witness to explain his reasoning. *See Bone v. State*, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002) (stating that defense counsel should be given opportunity to explain actions before being condemned as unprofessional and incompetent); *see also Anderson v. State*, 193 S.W.3d 34, 39 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd) (holding that because appellant did not call his trial counsel during motion for new trial hearing to give reasons for failure to investigate or present mitigating evidence, record does not support ineffective assistance claim). When the record fails to show why counsel did not present any evidence at the trial on punishment, we cannot conclude that counsel's performance was deficient. *See Jackson*, 877 S.W.2d at 771-72. Appellant has not overcome the strong presumption that counsel's conduct fell within the wide range of professional assistance.[1] *See Strickland*, 466 U.S. at 689-90, 104 S. Ct. at 2065. Appellant's first issue is overruled.

## CRUEL AND UNUSUAL PUNISHMENT

In his second issue, Appellant contends that his sentence was unconstitutionally disproportionate to the offenses he committed and results in cruel and unusual punishment.

Appellant did not object to his sentence when it was assessed. Because Appellant did not object in the trial court, he has not preserved his complaint for appellate review. *See* TEX. R. APP. P. 33.1(a); *Robertson v. State*, 245 S.W.3d 545, 549 (Tex. App.—Tyler 2007, pet. ref'd).

---

[1]Moreover, the trial court stated that the failure to fill out the presentence investigation questionnaire had but slight effect on the sentence. Specifically, the court explained as follows:

> Not getting your PSI form filled out probably is a small factor, but it's not as big a factor in deciding what to do in this case because I believe probably most of the questions got asked and you answered a lot of that information today. So I know what the information is that you would have put down on the paper about your family, jobs, that sort of stuff. So I'm not making a decision based on not having the information.

4

But even if Appellant had preserved this complaint for review, he still would not prevail. Generally, a sentence authorized by statute within the statutory range will not be considered cruel and unusual punishment. *See Harris v. State*, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983). As pleaded in the indictments, all three offenses were state jail felonies, which carry a maximum penalty of two years of imprisonment and/or a $10,000.00 fine. *See* TEX. PENAL CODE ANN. § 12.35(a), (b) (Vernon Supp. 2009). Here, Appellant received concurrent two year sentences on each offense with no fine, sentences within the statutory range.

Appellant concedes that his punishment is within the statutory range, but he nevertheless contends it is grossly disproportionate to the facts of this case in violation of the United States and Texas constitutions. *See* U.S. CONST. amend. VIII; *Solem v. Helm*, 463 U.S. 277, 284, 103 S. Ct. 3001, 3006, 77 L. Ed. 2d 637 (1983). The proportionality of a sentence is evaluated by considering (1) the gravity of the offense and the harshness of the penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences imposed for commission of the same crime in other jurisdictions. *Solem*, 463 U.S. at 292, 103 S. Ct. at 3011. Unless Appellant establishes that his sentence is grossly disproportionate to his crime, we need not address the second and third criteria set out in *Solem*. *See McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir. 1992); *see also Robertson*, 245 S.W.3d at 549.

In determining whether Appellant's sentence is grossly disproportionate, we are guided by the holding in *Rummel v. Estelle*, 445 U.S. 263, 100 S. Ct. 1133, 63 L. Ed. 2d 382 (1980). After considering the facts of the instant case in light of *Rummel*, we conclude that Appellant's sentence was not unconstitutionally disproportionate. *See id.*, 445 U.S. at 266, 100 S. Ct. at 1134-35 (holding that life sentence is not cruel and unusual punishment for obtaining $120.75 by false pretenses where appellant had a prior felony conviction for fraudulent use of credit card to obtain $80 worth of goods or services and another for passing a forged check in amount of $28.36). Absent a threshold showing of disproportionality, we need not address the second and third *Solem* criteria. Therefore, we cannot conclude that Appellant's sentence constitutes cruel and unusual punishment. Appellant's second issue is overruled.

## DISPOSITION

We *affirm* the judgment of the trial court.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered July 21, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)