# NO. 12-09-00268-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *KERRI LYNN LILES,*<br>*APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW NO. 2 OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Kerri Lynn Liles appeals from her conviction for the offense of hindering apprehension or prosecution. In three issues, Appellant argues that the sentence is disproportionate to the offense and that the trial court erred in allowing a witness to testify without taking an oath and to act as advocate. We dismiss in part and affirm in part.

## BACKGROUND

In 2008, Appellant pleaded guilty to the offense of hindering apprehension or prosecution.[1] The trial court deferred adjudication of her guilt and placed her on deferred adjudication community supervision for a period of two years.[2] In April 2009, the State filed a motion to adjudicate Appellant's guilt, asserting that she had violated the terms of her community supervision. Specifically, the State asserted that she consumed a dangerous drug and failed to complete court ordered community service. The court held a hearing in June 2009. The court found Appellant in violation of the terms of her community supervision, adjudicated her guilt, and placed her on community supervision with enhanced supervision. In July 2009, the State again filed to revoke Appellant's suspended sentence. In this pleading, the State alleged that Appellant consumed methamphetamine and amphetamine and failed to register for a counseling program.[3]

---

[1] TEX. PENAL CODE ANN. § 38.05 (Vernon Supp. 2009).
[2] TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(a) (Vernon Supp. 2009).
[3] The State alleged, but then abandoned, an allegation that Appellant had not paid for a test.

Appellant pleaded true to the allegations at a hearing. Following the hearing, the trial court assessed a sentence of confinement for one year. This appeal followed.

## PROPORTIONALITY OF SENTENCE

In her first and second issues, Appellant contends that the sentence she received is disproportionate to the offense and the violations of her community supervision agreement both under the Texas and United States constitutions.[4]

Appellant did not raise this issue in the trial court. Therefore, this complaint is not preserved for our review. *See* TEX. R. APP. P. 33.1. Constitutional rights, including the right to be free from cruel and unusual punishment, may be waived. *See Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996); *Mercado v. State*, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986) (en banc) (complaint regarding sentencing must be raised in the trial court as a prerequisite to raising the issue on appeal); *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.–Fort Worth 2009, pet. ref'd) (complaint about disproportionate sentence must be preserved by objection or in a motion for new trial); *Robertson v. State*, 245 S.W.3d 545, 549 (Tex. App.–Tyler 2007, pet. ref'd) (same); *Nicholas v. State*, 56 S.W.3d 760, 768 (Tex. App.–Houston [14th Dist.] 2001, pet. ref'd) (same). Accordingly, Appellant presents nothing for our review.

Even if Appellant had preserved this issue, we would be unable to review it. Appellant concedes that her one year sentence is within the statutory range for a class A misdemeanor.[5] Therefore, any proportionality review would be for a grossly disproportionate sentence, which would require this court to consider the gravity of the offense and the harshness of the penalty, the sentences imposed on other offenders in the same jurisdiction, and the sentences imposed for commission of the same crime in other jurisdictions. *See Solem v. Helm*, 463 U.S. 277, 292, 103 S. Ct. 3001, 3011, 77 L. Ed. 2d 637 (1983).

This is an appeal of a sentencing hearing that followed the trial court's revocation of a suspended sentence. Because there was no contemporaneous objection and because

---

[4] Citing *Alberto v. State*, 100 S.W.3d 528, 529–30 (Tex. App.–Texarkana 2003, no pet.), Appellant asserts that the rights protected by the U.S. and Texas constitutions are coextensive.

[5] Appellant argues needlessly that the sentence imposed is disproportionate to her violations of the community supervision agreement. A suspended sentence may be revoked for a violation of the terms of the community supervision order, but the resulting sentence is assessed for the original criminal offense. *See, e.g., Atchison v. State*, 124 S.W.3d 755, 760 (Tex. App.–Austin 2003, pet. ref'd) ("Even if we were to perform a proportionality analysis, the correct question would be whether the twenty-year sentence was warranted by the crime for which appellant was convicted, and not whether it was warranted by the supervisory violations proved at the adjudication hearing.").

the issue of the proportionality of the sentence was never litigated in the trial court, there is no evidence in the appellate record concerning the sentences assessed in similar cases. Also, the appellate record contains few details of the offense Appellant committed other than Appellant's statements.[6]

The sentence is not outside the statutory range for the offense. Appellant did not object to the proportionality of the sentence in the trial court, and so Appellant has failed to preserve this issue for appellate review. We overrule Appellant's first and second issues.

### TESTIMONY OF COMMUNITY SUPERVISION OFFICER

In her third issue, Appellant argues that the trial court erred by allowing a community supervision officer to testify without having taken an oath. Appellant also suggests that the officer may have practiced law without a license because she offered an opinion when the trial court asked the "Government" for a recommendation.

There were two hearings at which the trial court found Appellant to be in violation of the terms of her community supervision. The first hearing was held in June 2009. At that hearing, the trial court revoked Appellant's deferred adjudication community supervision, found her guilty, assessed a one year suspended sentence, and placed her on community supervision. The second hearing was in July 2009. At the July hearing, the trial court found Appellant to be in violation of the terms of her community supervision and sentenced her to one year in jail.[7]

Appellant's complaint is about the procedure at the first revocation hearing. Appellant had the right to appeal from that hearing. *See* TEX. CODE CRIM. PROC. ANN. art. 44.12, §23(b) (Vernon Supp. 2009). She did not file an appeal after that hearing. This is an appeal filed after the second hearing. Because Appellant did not timely perfect an appeal following the June hearing, we lack jurisdiction to consider this complaint about that hearing. *See* TEX. R. APP. P. 26.2(a)(1); ***Bailey v. State***, 160 S.W.3d 11, 13

---

[6] Appellant asserts that the presentence investigation report–which in some cases contains information about the offense–is in the third volume of the clerk's record. The presentence investigation report is not in the appellate record.

[7] We note that Appellant complains that as a result of the input from the community supervision officer, the amount of community service she was required to do was adjusted from 80 hours to 200 hours, and she was assigned to intensive supervision. She was also to enroll in counseling, to complete a substance abuse questionnaire, and to handwrite, twenty-five times a day, a short verse taken from the Bible. The primary focus of the revocation of her community supervision at the second hearing was her use of methamphetamine, which she admitted. The use of controlled substances was forbidden under both of her community supervision agreements.

3

(Tex. Crim. App. 2004) (appeal from imposition of community supervision must be taken brought within thirty days of imposition of community supervision). We dismiss Appellant's third issue.

## DISPOSITION

Having overruled Appellant's first and second issues and dismissed her third issue, we *affirm* the judgment of the trial court.

**BRIAN HOYLE**
Justice

Opinion delivered August 25, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)