# NO. 12-10-00049-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JOSHUA WAYNE GAY,*<br>*APPELLANT* | § | *APPEAL FROM THE THIRD* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANDERSON  COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Joshua Wayne Gay appeals his conviction for aggravated assault.  In three issues, Appellant argues that the evidence is insufficient to support the revocation of his community supervision and that the evidence does not support the sentence that was imposed.  We affirm.

## BACKGROUND

Appellant was charged by indictment with the felony offense of aggravated assault.  As alleged, the offense was a first degree felony because the grand jury alleged that he used or exhibited a deadly weapon in the commission of the offense and that the person assaulted was a member of his family or household.[1]  Pursuant to a plea agreement, Appellant pleaded guilty to aggravated assault as a second degree felony on June 19, 2009.  The trial court accepted the plea agreement, accepted Appellant's plea, and placed him on deferred adjudication community supervision for a period of ten years.

On July 28, 2009, a community supervision officer filed a report alleging that Appellant

---

[1] TEX. PENAL CODE ANN. § 22.02(b)(1) (Vernon Supp. 2010).

had violated the terms of his community supervision. The report was not specific as to how he violated the terms of his community supervision, but it stated that he was arrested for an assault on July 21, 2009. In September 2009, the State filed an amended motion to proceed with adjudication of Appellant's guilt in which it alleged that he committed two assaults, on July 5, 2009, and July 21, 2009, and that those assaults were criminal offenses and violations of the terms of his community supervision.

The trial court conducted a hearing on the State's motion to adjudicate. The trial court heard testimony and found Appellant to have violated the terms of his community supervision. The trial court found Appellant guilty as charged and assessed punishment of imprisonment for twenty years. This appeal followed.

## REVOCATION OF COMMUNITY SUPERVISION

In his first and second issues, Appellant argues that the evidence is insufficient to support revocation of his community supervision.

### Standard of Review

Generally, we review a trial court's decision to revoke community supervision for an abuse of discretion. *See Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006) (quoting *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984)). In a community supervision revocation proceeding, the state has the burden of proving a violation of the terms of community supervision by a preponderance of the evidence. *See Rickels*, 202 S.W.3d at 763-64; *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). The state satisfies this standard when the greater weight of the credible evidence before the court, viewed in a light most favorable to the ruling, creates a reasonable belief that a condition of community supervision has been violated as alleged. *See Rickels*, 202 S.W.3d at 764.

In cases where the trial court revokes a defendant's community supervision based upon a finding that the defendant violated more than one condition of his community supervision, the revocation does not constitute an abuse of discretion where any single finding of a violation is held to be valid. *See Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980) ("We need not address [the] appellant's other contentions since one sufficient ground for revocation will support the [trial] court's order to revoke probation."); *Hart v. State*, 264 S.W.3d 364, 367 (Tex.

App.–Eastland 2008, pet. ref'd); ***Cochran v. State***, 78 S.W.3d 20, 28 (Tex. App.–Tyler 2002, no pet.).

Appellant argues that this court should review the evidence supporting the trial court's decision to revoke community supervision using the legal and factual sufficiency standards of review.  *See **Jackson v. Virginia***, 443 U.S. 307, 315–16, 99 S. Ct. 2781, 2786–87, 61 L. Ed. 2d 560 (1979) (legal sufficiency standard); ***Watson v. State***, 204 S.W.3d 404, 417 (Tex. Crim. App. 2006) (factual sufficiency standard) (overruled by ***Brooks v. State***, No. PD-0210-09, 2010 Tex. Crim. App. LEXIS 1240, at \*2 (Tex. Crim. App. Oct. 6, 2010) (plurality opinion); 2010 Tex. Crim. App. LEXIS 1240, at \*59 (Cochran, J., concurring)).  In his reply brief, Appellant concedes that ***Rickels*** enunciates a different standard but notes that ***Watson*** was decided after ***Rickels*** and suggests that this court, in ***Delaney v. State***, No. 12-07-00035-CR, 2008 Tex. App. LEXIS 4878 (Tex. App.–Tyler June 30, 2008, pet. ref'd.) (mem. op., not designated for publication), used the standard he proposes.

Appellant further asserts that the legal and factual sufficiency standards are appropriate to review a revocation of deferred adjudication proceeding because, in such a proceeding, the trial court is making the decision to find the defendant guilty.  *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (Vernon Supp. 2010).  Appellant could not anticipate that ***Watson*** would be overruled while his appeal was pending, but we decline to apply a different standard for review to the revocation of deferred adjudication community supervision.  By statute, a deferred adjudication revocation decision is reviewable in the same manner as a decision to revoke community supervision in a case where guilt has already been adjudicated.  ***Id***.  The decision to adjudicate guilt corresponds to and immediately precedes a finding of guilt in some cases, but the question to be decided in that instance is whether the defendant violated the terms of his community supervision, not whether he committed the offense.  The evidence that the defendant committed the underlying offense is provided, or not provided, at the plea hearing, and it is subject to appellate review following that decision.  *See **Manual v. State***, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999).

Finally, this court did not adopt Appellant's proposed standard of review in the ***Delaney*** decision.  This court reversed the trial court's adjudication of guilt in the ***Delaney*** decision because the trial court did not find that the State proved an extraneous offense beyond a

3

reasonable doubt before admitting evidence about that offense. *Delaney*, 2008 Tex. App. LEXIS 4878, at \*13. As we explained in that decision, that finding is a statutory requirement and prerequisite. *Id*., 2008 Tex. App. LEXIS 4878, at \*12 (citing TEX. CODE CRIM. PROC. ANN. art. 37.07 § 3(a)(1) (Vernon Supp. 2010)). The evidence was not offered in the *Delaney* case to show that the defendant had violated the terms of his community supervision, and this court did not enunciate a new standard for reviewing trial court decisions to revoke a defendant's community supervision in that decision.

**Analysis**

The State alleged that Appellant committed two assaults while on community supervision. Specifically, it alleged that Appellant assaulted Heather Gay. At the time of the hearing, Heather was Appellant's wife. Appellant asserts that she is an unbelievable witness, that the trial court could not have believed her, and that the evidence does not support the trial court's finding that he violated the terms of his community supervision. We disagree.

Heather described two assaults. One occurred, she testified, when Appellant struck her in the head in a Wal-Mart store. Heather was discovered by a store employee unconscious on the sales floor. She told the employee and a police officer that Appellant hit her. Heather testified that the second assault occurred outside a gas station. A clerk at the gas station saw Appellant shove Heather. The witness did not see Heather fall, but she testified without objection that a customer told her that Appellant had "knocked" Heather down, and that she told the police dispatcher that Heather had "just hit the ground outside."

Appellant points out that Heather has been convicted of theft and other offenses and that she was drinking beer and had consumed prescription medication the day she was at the Wal-Mart store. One officer testified that Heather did not have a "good track record" for telling the truth. The parties stipulated that two other witnesses would offer similar opinions. Appellant testified himself that Heather had previously made false assault accusations and that she threatened him with the revocation of his community supervision when the two argued. At least one witness testified that Appellant did not have a reputation as a "peaceable person," and others testified that he had a bad reputation for truth telling.

The trial court, sitting as finder of fact, did not express a high level of confidence in the testimony offered by either Heather or Appellant. At one point, the court stated that neither was

4

"going to be a candidate[] for mother and father of the year." The court further stated that it was not impressed with Heather as a "mother or a law abiding citizen," but after weighing all of the evidence, the trial court found that the State had carried its burden of proof.

In a revocation of community supervision proceeding, the trial court is the sole trier of the facts, the credibility of the witnesses, and the weight to be given to the evidence presented. *See Hays v. State*, 933 S.W.2d 659, 660 (Tex. App.–San Antonio 1996, no pet.). In determining whether the trial court abused its discretion, we view the evidence in the light most favorable to the court's decision, deferring to the court's resolution of disputed facts and the reasonable inferences therefrom. *Id*.; *see Cantu v. State*, 253 S.W.3d 273, 282 (Tex. Crim. App. 2008) (discussing deferential component of abuse of discretion standard).

In this case, despite the number of witnesses and the conflicts in the testimony, very little that is relevant was in dispute. All of the witnesses agreed that Appellant and Heather went together to the Wal-Mart store and to the gas station. Appellant testified that he left Heather at each location and that he was with her immediately before a disinterested witness saw her on the ground and injured. The witness at the gas station saw him push Heather with both hands, hard, about the throat or neck and testified that another disinterested person saw her fall.[2] The trial court's determination that Appellant assaulted Heather, especially at the gas station, relies very little on her testimony and can be sustained almost solely on the testimony of others. This is likely the calculus the trial court relied upon, and we are unable to conclude that its resolution of the issues was an abuse of discretion. We overrule Appellant's first and second issues.

### SUFFICIENCY OF THE EVIDENCE TO SUPPORT THE SENTENCE

In his third issue, Appellant asserts that the evidence is factually insufficient to support the sentence imposed by the trial court. In his opening brief, Appellant forthrightly conceded that other courts had held that they lacked the authority to conduct a factual sufficiency review of the evidence to support a sentence. Appellant stated that it did not "appear" that this court had addressed the issue of whether factual sufficiency review of the evidence was permissible and made arguments as to why this court should engage in such a review.

---

[2] The gas station attendant appears to be a disinterested witness. Appellant stated that she was lying and testified that he is not "retarded enough to put [his] hands on [Heather] in public . . . ."

In fact, as the State points out, this court declined to conduct such a review in ***Robertson v. State***, 245 S.W.3d 545, 548–49 (Tex. App.–Tyler 2007, pet. ref'd).[3]  In his reply brief, Appellant acknowledges the ***Robertson*** decision but asserts that the court did not consider his present argument that the decisions of the court of criminal appeals in ***Clewis***, 922 S.W.2d 126 (Tex. Crim. App 1996), and ***Watson*** compel a different conclusion and asks the court to reconsider the ***Robertson*** decision.  Since the court of criminal appeals overruled ***Clewis*** and ***Watson*** in the ***Brooks*** decision released after Appellant filed his reply brief, we decline to reconsider ***Robertson*** on that basis and overrule Appellant's third issue.

### DISPOSITION

Having overruled Appellant's three issues, we ***affirm*** the judgment of the trial court.

    **JAMES T. WORTHEN**
Chief Justice

Opinion delivered December 8, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

---

[3] This court has consistently declined to conduct such a review.  *See*, *e.g.*, ***Guzman v. State***, No. 12-09-00235-CR, 2010 Tex. App. LEXIS 3314, at *3 (Tex. App.–Tyler May 5, 2010, no pet.) (mem. op., not designated for publication); ***Babbs v. State***, No. 12-08-00023-CR, 2009 Tex. App. LEXIS 652, at *2 (Tex. App.–Tyler Jan. 30, 2009, no pet.) (mem. op., not designated for publication); ***Hurst v. State***, No. 12-07-00060-CR, 2008 Tex. App. LEXIS 5415, at *16 (Tex. App.–Tyler July 23, 2008, no pet.) (mem. op., not designated for publication); ***Roberson v. State***, No. 12-07-00202-CR, 2008 Tex. App. LEXIS 3290, at *1 (Tex. App.–Tyler May 7, 2008, no pet.) (mem. op., not designated for publication).