MARY'S OPINION HEADING 








NO. 12-10-00049-CR

 

IN
THE COURT OF APPEALS 

 

TWELFTH COURT OF
APPEALS DISTRICT

 

TYLER,
TEXAS

JOSHUA WAYNE GAY,                              §                      APPEAL
FROM THE THIRD

APPELLANT

 

V.                                                                    §                      JUDICIAL
DISTRICT COURT OF

 

THE
STATE OF TEXAS,

APPELLEE                                                   §                      ANDERSON
 COUNTY, TEXAS

                                                                                                                                                          


MEMORANDUM
OPINION

Joshua
Wayne Gay appeals his conviction for aggravated assault.  In three issues,
Appellant argues that the evidence is insufficient to support the revocation of
his community supervision and that the evidence does not support the sentence
that was imposed.  We affirm.

 

Background

Appellant
was charged by indictment with the felony offense of aggravated assault.  As
alleged, the offense was a first degree felony because the grand jury alleged
that he used or exhibited a deadly weapon in the commission of the offense and
that the person assaulted was a member of his family or household.[1]  Pursuant to a
plea agreement, Appellant pleaded guilty to aggravated assault as a second
degree felony on June 19, 2009.  The trial court accepted the plea agreement,
accepted Appellant’s plea, and placed him on deferred adjudication community
supervision for a period of ten years.

On
July 28, 2009, a community supervision officer filed a report alleging that
Appellant had violated the terms of his community supervision.  The report was
not specific as to how he violated the terms of his community supervision, but
it stated that he was arrested for an assault on July 21, 2009.  In September
2009, the State filed an amended motion to proceed with adjudication of
Appellant’s guilt in which it alleged that he committed two assaults, on July
5, 2009, and July 21, 2009, and that those assaults were criminal offenses and
violations of the terms of his community supervision.  

The
trial court conducted a hearing on the State’s motion to adjudicate.  The trial
court heard testimony and found Appellant to have violated the terms of his
community supervision.  The trial court found Appellant guilty as charged and
assessed punishment of imprisonment for twenty years.  This appeal followed.

 

Revocation of Community Supervision

In
his first and second issues, Appellant argues that the evidence is insufficient
to support revocation of his community supervision.  

Standard
of Review

Generally,
we review a trial court’s decision to revoke community supervision for an abuse
of discretion.  See Rickels v. State, 202 S.W.3d 759, 763 (Tex.
Crim. App. 2006) (quoting Cardona v. State, 665 S.W.2d 492, 493
(Tex. Crim. App. 1984)).  In a community supervision revocation proceeding, the
state has the burden of proving a violation of the terms of community
supervision by a preponderance of the evidence.  See Rickels, 202
S.W.3d at 763-64; Cobb v. State, 851 S.W.2d 871, 873 (Tex. Crim.
App. 1993).  The state satisfies this standard when the greater weight of the
credible evidence before the court, viewed in a light most favorable to the ruling,
creates a reasonable belief that a condition of community supervision has been
violated as alleged.  See Rickels, 202 S.W.3d at 764.

In
cases where the trial court revokes a defendant’s community supervision based
upon a finding that the defendant violated more than one condition of his
community supervision, the revocation does not constitute an abuse of
discretion where any single finding of a violation is held to be valid.  See
Moore v. State, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980) (“We need
not address [the] appellant’s other contentions since one sufficient ground for
revocation will support the [trial] court’s order to revoke probation.”); Hart
v. State, 264 S.W.3d 364, 367 (Tex. App.–Eastland 2008, pet. ref’d); Cochran
v. State, 78 S.W.3d 20, 28 (Tex. App.–Tyler 2002, no pet.).

Appellant
argues that this court should review the evidence supporting the trial court’s
decision to revoke community supervision using the legal and factual sufficiency
standards of review.  See Jackson v. Virginia, 443 U.S.
307, 315–16, 99 S. Ct. 2781, 2786–87, 61 L. Ed. 2d 560 (1979) (legal
sufficiency standard); Watson v. State, 204 S.W.3d 404, 417 (Tex.
Crim. App. 2006) (factual sufficiency standard) (overruled by Brooks v.
State, No. PD-0210-09, 2010 Tex. Crim. App. LEXIS 1240, at *2 (Tex.
Crim. App. Oct. 6, 2010) (plurality opinion); 2010 Tex. Crim. App. LEXIS 1240,
at *59 (Cochran, J., concurring)).  In his reply brief, Appellant concedes that
Rickels enunciates a different standard but notes that Watson
was decided after Rickels and suggests that this court,
in Delaney v. State, No. 12-07-00035-CR, 2008 Tex. App. LEXIS
4878 (Tex. App.–Tyler June 30, 2008, pet. ref’d.) (mem. op., not designated for
publication), used the standard he proposes.

Appellant
further asserts that the legal and factual sufficiency standards are
appropriate to review a revocation of deferred adjudication proceeding because,
in such a proceeding, the trial court is making the decision to find the
defendant guilty.  See Tex. Code
Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2010). 
Appellant could not anticipate that Watson would be overruled
while his appeal was pending, but we decline to apply a different standard for
review to the revocation of deferred adjudication community supervision.  By
statute, a deferred adjudication revocation decision is reviewable in the same
manner as a decision to revoke community supervision in a case where guilt has
already been adjudicated.  Id.  The decision to adjudicate guilt
corresponds to and immediately precedes a finding of guilt in some cases, but
the question to be decided in that instance is whether the defendant violated
the terms of his community supervision, not whether he committed the offense. 
The evidence that the defendant committed the underlying offense is provided,
or not provided, at the plea hearing, and it is subject to appellate review
following that decision.  See Manual v. State, 994 S.W.2d
658, 661-62 (Tex. Crim. App. 1999).

Finally,
this court did not adopt Appellant’s proposed standard of review in the Delaney
decision.  This court reversed the trial court’s adjudication of
guilt in the Delaney decision because the trial court did not
find that the State proved an extraneous offense beyond a reasonable doubt
before admitting evidence about that offense.  Delaney, 2008 Tex.
App. LEXIS 4878, at *13.  As we explained in that decision, that finding is a
statutory requirement and prerequisite.  Id., 2008 Tex. App.
LEXIS 4878, at *12 (citing Tex. Code
Crim. Proc. Ann. art. 37.07 § 3(a)(1) (Vernon Supp. 2010)).  The
evidence was not offered in the Delaney case to show that the
defendant had violated the terms of his community supervision, and this court
did not enunciate a new standard for reviewing trial court decisions to revoke
a defendant’s community supervision in that decision.

Analysis

            The
State alleged that Appellant committed two assaults while on community
supervision.  Specifically, it alleged that Appellant assaulted Heather Gay. 
At the time of the hearing, Heather was Appellant’s wife.  Appellant asserts
that she is an unbelievable witness, that the trial court could not have
believed her, and that the evidence does not support the trial court’s finding
that he violated the terms of his community supervision.  We disagree.

Heather
described two assaults.  One occurred, she testified, when Appellant struck her
in the head in a Wal-Mart store.  Heather was discovered by a store employee
unconscious on the sales floor.  She told the employee and a police officer
that Appellant hit her.  Heather testified that the second assault occurred
outside a gas station.  A clerk at the gas station saw Appellant shove
Heather.  The witness did not see Heather fall, but she testified without
objection that a customer told her that Appellant had “knocked” Heather down,
and that she told the police dispatcher that Heather had “just hit the ground
outside.”  

Appellant
points out that Heather has been convicted of theft and other offenses and that
she was drinking beer and had consumed prescription medication the day she was
at the Wal-Mart store.  One officer testified that Heather did not have a “good
track record” for telling the truth.  The parties stipulated that two other
witnesses would offer similar opinions.  Appellant testified himself that
Heather had previously made false assault accusations and that she threatened
him with the revocation of his community supervision when the two argued.  At
least one witness testified that Appellant did not have a reputation as a
“peaceable person,” and others testified that he had a bad reputation for truth
telling.

The
trial court, sitting as finder of fact, did not express a high level of
confidence in the testimony offered by either Heather or Appellant.  At one
point, the court stated that neither was “going to be a candidate[] for mother
and father of the year.”  The court further stated that it was not impressed with
Heather as a “mother or a law abiding citizen,” but after weighing all of the
evidence, the trial court found that the State had carried its burden of proof.

In
a revocation of community supervision proceeding, the trial court is the sole
trier of the facts, the credibility of the witnesses, and the weight to be
given to the evidence presented.  See Hays v. State, 933 S.W.2d
659, 660 (Tex. App.–San Antonio 1996, no pet.).  In determining whether the
trial court abused its discretion, we view the evidence in the light most
favorable to the court’s decision, deferring to the court’s resolution of
disputed facts and the reasonable inferences therefrom.  Id.; see
Cantu v. State, 253 S.W.3d 273, 282 (Tex. Crim. App. 2008)
(discussing deferential component of abuse of discretion standard).  

In
this case, despite the number of witnesses and the conflicts in the testimony,
very little that is relevant was in dispute.  All of the witnesses agreed that
Appellant and Heather went together to the Wal-Mart store and to the gas
station.  Appellant testified that he left Heather at each location and that he
was with her immediately before a disinterested witness saw her on the ground
and injured.  The witness at the gas station saw him push Heather with both
hands, hard, about the throat or neck and testified that another disinterested
person saw her fall.[2]  The trial
court’s determination that Appellant assaulted Heather, especially at the gas
station, relies very little on her testimony and can be sustained almost solely
on the testimony of others.  This is likely the calculus the trial court relied
upon, and we are unable to conclude that its resolution of the issues was an
abuse of discretion.  We overrule Appellant’s first and second issues.

 

Sufficiency of the Evidence to Support the Sentence

            In
his third issue, Appellant asserts that the evidence is factually insufficient
to support the sentence imposed by the trial court.  In his opening brief,
Appellant forthrightly conceded that other courts had held that they lacked the
authority to conduct a factual sufficiency review of the evidence to support a
sentence.  Appellant stated that it did not “appear” that this court had
addressed the issue of whether factual sufficiency review of the evidence was
permissible and made arguments as to why this court should engage in such a
review.  

In
fact, as the State points out, this court declined to conduct such a review in Robertson
v. State, 245 S.W.3d 545, 548–49 (Tex. App.–Tyler 2007, pet. ref’d).[3] 
In his reply brief, Appellant acknowledges the Robertson decision
but asserts that the court did not consider his present argument that the
decisions of the court of criminal appeals in Clewis, 922 S.W.2d
126 (Tex. Crim. App 1996), and Watson compel a
different conclusion and asks the court to reconsider the Robertson decision. 
Since the court of criminal appeals overruled Clewis and Watson
in the Brooks decision released after Appellant filed his
reply brief, we decline to reconsider Robertson on that basis and
overrule Appellant’s third issue.

 

Disposition

            Having
overruled Appellant’s three issues, we affirm the judgment of the
trial court.

 

     JAMES T.
WORTHEN    

    Chief
Justice

 

 

 

Opinion delivered December 8, 2010.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)









[1] Tex. Penal Code Ann. § 22.02(b)(1) (Vernon Supp. 2010).





[2] The gas station attendant
appears to be a disinterested witness.  Appellant stated that she was lying and
testified that he is not “retarded enough to put [his] hands on [Heather] in
public . . . .”

 





[3] This court has consistently
declined to conduct such a review.  See, e.g., Guzman v.
State, No. 12-09-00235-CR, 2010 Tex. App. LEXIS 3314, at *3 (Tex.
App.–Tyler May 5, 2010, no pet.) (mem. op., not designated for publication); Babbs
v. State, No. 12-08-00023-CR, 2009 Tex. App. LEXIS 652, at *2 (Tex.
App.–Tyler Jan. 30, 2009, no pet.) (mem. op., not designated for publication); Hurst
v. State, No. 12-07-00060-CR, 2008 Tex. App. LEXIS 5415, at *16 (Tex.
App.–Tyler July 23, 2008, no pet.) (mem. op., not designated for publication); Roberson
v. State, No. 12-07-00202-CR, 2008 Tex. App. LEXIS 3290, at *1 (Tex.
App.–Tyler May 7, 2008, no pet.) (mem. op., not designated for publication).